W. B. Hays, Plaintiff in Error, vs. Mary A. Todd, Defendant in Error.

1. Where the evidence adduced by a defendant in error on a motion to vacate a supersedeas raises serious doubts as to the sufficiency of the sureties, and no evidence is offered by plaintiff in error to meet the representations made by such proof, the supersedeas will be vacated.

2. An application by plaintiff in error for an allowance of time within which to file a new supersedeas bond in case the one assailed shall be held insufficient, is not ground for continuing the pending supersedeas or delaying the entry of the order vacating it. The movants for a vacation of the supersedeas should have their order, if entitled to it, and the plaintiff in error may present a new bond and apply for another supersedeas order.

Writ of Error to the Circuit Court for Polk County.

The facts of the case are stated in the opinion.

Motion to vacate supersedeas.

*Thomas McDermott* for motion.

*Wall & Knight, contra.*

RANEY, C. J.: The affidavits presented in support of this motion raise serious doubts in our minds as to the sufficiency of the sureties, and though these doubts are not

such as might not have been overcome by an effort to meet the representations of the affidavits had such an effort been made, still, under the circumstances, we think the motion should be granted.

Counsel for Plaintiff in error have signified a desire that we give them time to file an additional supersedeas bond. Upon this point our conclusion is that the proper practice is for them to become actors in presenting a new bond and applying for a supersedeas order, and that the present movants are entitled to the order setting aside the supersedeas heretofore granted. McMichael vs. Eckman & Vetsburg *et als.*, decided the present term.

Counsel for defendant in error has asked that the supersedeas order be vacated on the ground also that a Justice of this Court cannot approve a supersedeas bond on a writ of error. The notice to the plaintiff in error did not specify this as a ground of the motion and it is not necessary, even if it is proper, to decide the point. The practice as to approval of such bonds has long been to the contrary of this position, but we do not care to dispose of it finally now.

Motion granted.