DAN HARDIE, *et ux.,* v. INTER-CITY CO..

151 So. 49.

Division A.

Opinion Filed November 23, 1933.

*Francis M. Miller* and *Sidney J. Weintraub,* for Appellants;

*W. L. Freeland,* for Appellee.

DAVIS, C. J.—In this case the motion to vacate the clerk's approval of the supersedeas bond herein, and to adjudge that the supersedeas never did become effectual nor operative, should be granted. Hays v. Todd, 26 Fla. 214, 7 Sou. Rep. 851. Such is the appropriate disposition of this matter

because the statute requires a bond with "two" good and sufficient sureties to be given and failure to comply with the statutes as to the giving of a bond with "two" sureties constitutes ample ground for setting aside the action or order which the statute makes dependent for its validity on the actually giving of a bond with "two" good and sufficient sureties thereon. See Poyntz v. Reynolds, 37 Fla. 533, 19 Sou. Rep. 649.

The statute relating to supersedeas bonds in this State requires a supersedeas bond to be given with "two" good and sufficient obligors. Section 4621, C. G. L., 2911 R. G. S. Here the bond is given with only one good and sufficient obligor because the signatures of E. Paul Erwin and his wife Minnie B. Erwin as the other obligors are insufficient to bind Mr. and Mrs. Erwin with respect to their property held only as an estate by entireties. No other property of E. Paul Erwin other than his interest in such estate by entireties has been shown to justify accepting him alone as the other required surety necessary to be furnished in addition to surety Val C. Cleary.

Motion to quash supersedeas granted.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.