PER CURIAM.
The following amendments or additions to the Florida Rules of Criminal Procedure are hereby adopted.
Rules 3.210-3.219, relating to mental competency of a defendant, argument HB 426 which became law effective July 1, 1980. These Rules shall take effect, nunc pro tunc, on July 1, 1980. All other Rules shall take effect on January 1, 1981, at 12:01 A.M., and govern all proceedings within their scope. These rules shall supersede all conflicting rules and statutes. The committee notes appended to each rule are not adopted by the Court.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
RULE 3.111: PROVIDING COUNSEL TO INDIGENTS
(a). When Counsel Provided. A person entitled to appointment of counsel as provided herein shall have counsel appointed when he is formally charged with an offense, or as soon as feasible after custodial restraint or upon his first appearance before a committing magistrate, whichever occurs earliest.
(b). Cases Applicable.
(1). Counsel shall be provided to indigent persons in all prosecutions for offenses punishable by imprisonment (or by incarceration in a juvenile corrections institution) including appeals from the conviction thereof. Counsel does not have to be provided to an indigent person in a prosecution for a misdemeanor or violation of a municipal ordinance if the judge, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned in the event he is convicted.
(2). Counsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against a defendant, including post-conviction proceedings and appeals therefrom, extradition proceedings, mental competency proceedings, and other proceedings which are adversary in nature, regardless of the designation of the court in which they occur or the classification of the proceedings as civil or criminal.
(3). Counsel may be provided to a partially indigent person upon his request provided that person shall defray that portion of the cost of such representation and the reasonable costs of investigation as he is able to without substantial hardship to himself or his family, as directed by the court.
(4). “Indigent” as used herein shall mean a person who is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to himself or his family; “partially indigent” as used herein shall mean a person unable to pay more than a portion of the fee charged by an attorney, including costs of investigation, without substantial hardship to himself or his family.

*611
[(5). The court shall, prior to appointing a public defender,

(i). Inform the accused that if the public defender is appointed, a Hen for the services rendered by the public defender may be imposed pursuant to section 27.56, Florida Statutes (1979);

(ii). Make inquiry into the financial status of the accused in a manner not inconsistent with the guidelines established by section 27.52, Florida Statutes (1979). The accused shall respond to the inquiry under oath;

(iii). Require the accused to execute an affidavit of insolvency in the format provided by section 27.52, Florida Statutes (1979).)

(c)Duty of Booking Officer.
In addition to any other duty, the officer who commits a defendant to custody has the following duties:
(1) He shall immediately advise the defendant:
(i) of his right to counsel;
(ii) that if the defendant is unable to pay a lawyer, one will be provided immediately at no charge.
(2) If the defendant requests counsel or advises the officer he cannot afford counsel, said officer shall immediately and effectively place said defendant in communication with the (office of) Public Defender of the circuit in which the arrest was made.
(3) If the defendant indicates he has an attorney or is able to retain an attorney, the officer shall immediately and effectively place said defendant in communication with his attorney or the Lawyer Referral Service of the local bar association.
(4) The Public Defender of each Judicial Circuit may upon being contacted by, or on behalf of a defendant who is, or represents himself to be indigent as defined by law, forthwith interview said defendant and
(i) If the defendant is in custody and reasonably appears to be indigent, the Public Defender shall tender to him such advice as is indicated by the facts of the case; seek the setting of a reasonable bail and otherwise represent such defendant pending a formal judicial determination of indigency.
(ii) If the defendant is at liberty on bail or otherwise not in custody, the Public Defender shall elicit only such information from the defendant as may be reasonably relevant to the question of indigency and shall immediately seek a formal judicial determination of indigen-cy. If the court finds the defendant indigent, it shall immediately appoint counsel to represent said defendant.
(d) Waiver of Counsel.
(1) The failure of a defendant to request appointment of counsel or his announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused’s comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than two attesting witnesses. Said witnesses shall attest the voluntary execution thereof.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
(e) Withdrawal of defense counsel after judgment and sentence. Withdrawal of defense counsel after judgment and sentence is governed by Florida Rule of Appellate Procedure 9.140(b)(3).
*612 COMMITTEE NOTE
Modification of the existing Rule provides a greater degree of uniformity in appointing counsel to indigent defendants. The defendant is put on notice of the lien for public defender services and must give financial information under oath.
A survey of Florida judicial circuits by the Committee on Representation of Indigents of the Criminal Law Section (1978--79) disclosed the fact that several circuits had no procedure for determining indigency and that there were circuits in which no affidavits of insolvency were executed (and no legal basis for establishing or collecting lien monies).
RULE 3.191: SPEEDY TRIAL
(a)(1). Speedy Trial Without Demand. Except as otherwise provided by this Rule, [and subject to the limitations imposed under (b)(1) and (b)(2),] every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony eapital or non capital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion, shall [make the required inquiry under (d)(3) ] ascertain that such person -has-been continuously available for-trial during such period of time for trial. The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged [defined under (a)(4)]. A person charged with a crime is entitled to the benefits of this Rule whether or not such person-has been held to answer at-a-preliminary hearing or whether or not such person has waived such hearing; and whether such person is in custody [in a jail or correctional institution of this State or a political sub-division thereof ] awaiting trial or is at liberty on bail or recognizance. If such person is serving a sentence of imprisonment elsewhere than Florida for con viction of an unrelated crime the-operation of this section-shall not bo effective until such person is no longer confined-; This section shall cease to apply whenever a person files a [valid] demand for speedy trial under (a)(2).
(a)(2). Speedy Trial Upon Demand. Except as otherwise provided [by this Rule] and subject to the limitations imposed under [(b)(1) and] (c) hereof, every person charged with a crime by indictment or information shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, unless the State is granted a continuance because of exceptional circumstances- as defined in this Rule, and if not brought to trial within such period of time following such demand shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall [make the required inquiry under (d)(3)] ascer-tam that such person-has-been continuously available-f or trial during said period of.-time. The time period established by this section shall commence when such demand has been properly filed and served. [Trial may be scheduled at any time within the 60 day period except that trial may not be scheduled within 5 days of the filing of the demand without the consent of the defendant and the prosecuting attorney.] if such-person is serving in Florida or elsewhere a sentence of imprisonment for an unrelated-crime — the operation of this section shall not be effective-until-such person is no-longer imprisoned and becomes available for trialrnor untd-such person has abandoned or waived further-proceedings under § (b)(2)- of this Rule if such.have been initiated.
(a)(3). Commencement of Trial. A person shall be deemed to have been brought to trial if the trial commences within the time herein provided. The trial is deemed to have commenced when the trial jury panel [for that specific trial] is sworn for voir dire examination, or, upon waiver of a *613 jury trial, when the trial proceedings begin before the judge.

[(a)(4). Custody. For purposes of this Rule, a person is taken into custody, (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, or (ii) when the person is served with a notice to appear in lieu of physical arrest.]

[(b)(1). Prisoners Outside Jurisdiction. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this State, is not entitled to the benefit of this Rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served upon the prosecutor. For such persons, the time period under (a)(1) commences on the date the last act required under this section occurs. For such persons the time period under (a)(2) commences when the demand is filed so long as the acts required under this section occur prior to the filing of the demand. If the acts required under this section do not precede the filing of the demand, then the demand is invalid and shall be stricken upon motion of the prosecuting attorney. Nothing herein-above stated shall affect a prisoner’s right to speedy trial under section 941.45-941.50, Florida Statutes (1979).]

[(b)(2). Where a felony and misdemean- or are consolidated for disposition in circuit court, the misdemeanor shall be governed by the same time period applicable to the felony.]

(c). Demand for Speedy Trial; Accused is Bound. A demand for speedy trial binds the accused and the State. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain a trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial [within 5 days. A demand filed by an accused who has not diligently investigated his case or who is not timely prepared for trial shall be stricken as invalid upon motion of the prosecuting attorney. A] Such demand may not thereafter be waived or withdrawn by the accused, except on order of the court, with consent of the State or on good cause shown. Good cause for continuances or delay on behalf of the accused shall not thereafter include lack of-preparation, failure to obtain evidence or — presence of witnesses^ failure to-have counsel, or -other nonreadiness for trial, except as to matters which may arise after the demand for trial is filed and which could not reasonably have been anticipated by the accused or his counsel. A person who has demanded speedy trial, who thereafter is not prepared for trial, is not entitled to continuance or delay except as provided in this Rule.
(d)(1). Motion for Discharge; Trial; When Timely. A motion for discharge shall be timely if filed and served on or after the expiration of the periods of time for trial provided for herein; however, a motion for discharge filed before expiration of the period of time for trial shall be deemed effective only as of the date of expiration of the period of timo for trial [is invalid and shall be stricken upon motion of the prosecuting attorney.]
(d)(2). When Time May be Extended. The periods of time established by this Rule for -trial may at any time be waived or extended by order of the court [provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured:] (i) upon stipulation, [announced to the court or] signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided-the period of time sought to be extended has-not expired at the time of signing, or (ii) [by written or recorded order of the court] on the court’s own motion or motion by either party in exceptional circumstances as hereafter defined [in section (f) ], or (iii) [by written or recorded order of the court ] *614 with good cause shown by the accused upon w-alver-by-him-or-on-his behalf, or (iv) [by written or recorded order of the court for] a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, for an appeal by the State from an order dismissing the case, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall-be unexcused.
(d)(3). [Delay and] Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this Rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered [under] as provided in § (d)(2) [and that extension has not expired], or (ii) the failure to hold trial is due to-the-unexcused actions or-ane-xcused -decisions of [attributable to] the accused, or of a co-defendant in the same trial, [or their counsel, or (iii) the accused was unavailable for trial under section (e), or (iv) the demand referred to in section (c) is invalid.] If [the court finds that] a continuance or delay-is attributable to the-accused and is not- excused [discharge is not appropriate for reasons under (d)(3)(H), (iii), or (iv),] the pending motion for discharge shall [he denied ] on-motion by the State-be-voidable by the-court in the interests of justice, provided however, trial shall be scheduled and commence within 90 days [of a written or recorded order of denial],
(e). Availability for Trial. [A person is unavailable for trial if (1) the person or his counsel fails to attend a proceeding where their presence is required by these Rules, or (2) the person or his counsel is not ready for trial on the date trial is scheduled.] The trial of an-accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term provided for herein is not entitled to be discharged. No presumption of nonavailability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term.
If- an accused voluntarily^e-moves-himself from-the jurisdiction of the court or otherwise acts to make.himself unavailable for tr-iab — the -right to trial within the time herein provided shall on motion -by — the State-be-voidable-by-the -court-in-the-interests-of — justice.—Upon such accused becoming — available- for trial and upon notice thereof by — the-accused or — his.counsel—to both the court having jur-isdietion-over-the trial and to the of-f-iee-of-the-prosecutor,- or upon-being retaken into custody, the time within which trial-ús-to-eommence-shall-be as herein provided and begin anew.
(f). Exceptional Circumstances. As permitted by [(d)(2) of] this Rule, the court may order an extension of [the ] time [periods provided under this Rule] or continuance where exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court’s docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court: Such circumstances include (1) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; (2) a showing by the State that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation and preparation within the periods of time established by this Rule; (3) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; provided, net-more ■ than two continuances-shall-be granted on this ground, (4) a showing by *615 the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial; (5) a showing that a delay is necessary to accommodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant; (6) a showing by the State that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.
Under the foregoing circumstances the Court-may set a new trial date within a reasonable timer
(g). Effect of Mistrial[; Appeal;] Order of New Trial. A person who is to be tried again [or whose trial has been delayed by an appeal by the State or the defendant] shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time.
(h)(1). Discharge from Crime; Effect. Discharge from a crime under this Rule shall operate to bar prosecution of the crime charged and of all other crimes upon which trial has not commenced nor conviction obtained nor adjudication withheld and which were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense.
(h)(2). Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
COMMITTEE NOTE
(a)(1). Speedy Trial Without Demand.
1. Prisoners in Florida institutions are now treated like any other defendant [formerly (bXl)].
2. Federal prisoners and prisoners outside Florida may claim the benefit of this section once special prerequisites are satisfied under (b)(1).
3. Before a court can discharge a defendant, the court must make complete inquiry to insure that discharge is appropriate.
(a)(2). Speedy Trial Upon Demand.
1. Trial cannot be scheduled within 5 days of the filing of the demand without the consent of both the State and the defendant.
2. Before a court can discharge a defendant, the court must make complete inquiry to insure that discharge is appropriate.
3. Prisoners in Florida are now treated like any other defendant, [formerly (b)(2)].
4. Federal prisoners and prisoners outside Florida may claim the benefit of this section once special prerequisites are satisfied under (b)(1).
(a)(3). Commencement of Trial.
1. Minor change in language to reflect case law.
(a)(4). Custody. [NEW]
1. Custody is defined in terms tantamount to arrest. This definition was formerly contained in (a)(1).
2. Where a notice to appear is served in-lieu of arrest, custody results on the date the notice is served.
(b)(1). Prisoners Outside Jurisdiction. [NEW]
1. Prisoners outside the jurisdiction of Florida may claim benefit under (a)(1) and (a)(2) after the prisoner returns to the jurisdiction of the court where the charge is pending and after the prisoner files and serves a notice of this fact.
*616 2. As an alternative, certain prisoners may claim the benefit of sections 941.45-941.50, Florida Statutes (1979).
3. Former (b)(1) is repealed.
(b)(2). [NEW]
1. Where a misdemeanor and felony are consolidated for purposes of trial in circuit court, the misdemeanor is governed by the same time period applicable to the felony. To claim benefit under this provision, the crimes must be consolidated before the normal time period applicable to misdemeanors has expired.
2. Former (b)(2) is repealed.
(b)(3). Repealed and superseded by (b)(1).
(c). Demand for Speedy Trial.
1. The section recognizes that an invalid (spurious) demand must be stricken.
2. The section now puts a 5 day limit upon the time when a defendant must be prepared.
(d)(1). Motion for Discharge.
1. Under the amended provision, a prematurely filed motion is invalid and may be stricken.
(d)(2). When Time May be Extended.
1. The terms waiver, tolling or suspension have no meaning within the context of the section as amended. The section addresses extensions for a specified period of time.
2. Except for stipulations, all extensions require an order of the court.
3. The term “recorded order” refers to stenographic recording and not recording of a written order by the clerk.
(d)(3). Delay and Continuances.
1. Even though the normal time limit has expired under (a)(1) or (a)(2), a trial court may not properly discharge a defendant without making a complete inquiry of possible reasons to deny discharge. If the court finds that the time period has been properly extended and the extension has not expired, he must simply deny the motion. If the court finds that the delay is attributable to the accused, that the accused was unavailable for trial or that the demand was invalid, the court must deny the motion and schedule trial within 90 days. If the court has before it a valid motion for discharge and none of the above circumstances are present, the court must grant the motion.
(e). Availability for Trial.
1. Availability for trial is now defined solely in terms of required attendance and readiness for trial.
(f). Exceptional Circumstances.
1. The two extension limit for unavailable evidence has been discarded.
2. The new trial date paragraph was eliminated because it simply was unnecessary.
(g). Effect of Mistrial; Appeal; Order of New Trial.
1. Makes uniform a 90-day period within which a defendant must be brought to trial after a Mistrial, Order of New Trial, or Appeal by the State or defendant.
(h)(1). Discharge from Crime.
1. No change.
(h)(2). Nolle Prosequi.
1. No change.
RULE 3.210: COMPETENCE TO STAND TRIAL: PROCEDURE FOR RAISING THE ISSUE [NEW]
(a). A person accused of a crime who is mentally incompetent to stand trial shall not be proceeded against while he is incompetent.
(b). If before or during the trial the court of its own motion, or upon motion of counsel for the defendant or for the State, has reasonable ground to believe that the defendant is not mentally competent to stand trial, the court shall immediately enter its order setting a time for a hearing to determine the defendant’s mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than three nor fewer than two experts prior to the date of said hearing. Attorneys for the State and the defendant may be present at the examination.
*617 (1). A written motion for such examination made by counsel for the defendant shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the defendant is incompetent to stand trial. To the extent that it does not invade the lawyer-client privilege, the motion shall contain a recital of the specific observations of and conversations with the defendant which have formed the basis for such motion.
(2). A written motion for such examination made by counsel for the State shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe the defendant is incompetent to stand trial, and shall include a recital of the specific facts which have formed the basis for such motion, including a recitation of the observations of and statements of the defendant which have caused the State to file such motion.
(3). If the defendant has been released from custody on a pre-trial release provision, the court may order the defendant to appear at a designated place for evaluation at a specific time as a condition of such release provision. If the court determines that the defendant will not submit to the evaluation provided for herein or that the defendant is not likely to appear for the scheduled evaluation, the court may order the defendant taken into custody, if he is not already in custody, until the determination of his competency. A motion made for evaluation under this subsection shall not otherwise affect the defendant's right to pre-trial release.
COMMITTEE NOTE
(a). This provision is identical with that which has been contained in all prior rules and statutes relating to competence to stand trial. No change is suggested.
(b). In order to ensure that the proceedings move quickly the court is required to set a hearing within 20 days. This section should be read in conjunction with Rule 3.211 which requires the experts to submit their report to the court at such time as the court shall specify. The court therefore determines the time on which the report is to be submitted. The provision requiring at least two but no more than three experts is meant to coincide with Section 394.02, Florida Statutes, (1979) in which the Legislature provides for the number of experts to be appointed and that at least one of such experts be appointed from a group of certain, designated state-related professionals. This legislative restriction on appointment will insure that the Department of Health and Rehabilitative Services will, to some extent, be involved in the hospitalization decision-making process. Other possible procedures were discussed at great length both among members of the committee and with representatives of the Legislature, but it was decided that any more specific procedures should be developed on the local level in the individual circuits and that it would be inappropriate to mandate such specific procedures in a state-wide court rule. Since it was felt by the committee to be a critical stage in the proceedings and subject to Sixth Amendment provisions, and since no psychiatrist-patient privilege applies to this stage of the proceeding, the committee felt that attorneys for both sides should have the right to be present at such examinations.
(1) and (2). A motion for examination relative to competency to stand trial should not be a “boiler plate” motion filed in every case. The inclusion of specific facts in the motion will give the trial judge a basis on which to determine whether there is sufficient indication of incompetence to stand trial that he should appoint experts to examine the defendant. Provision was made that conversations and observations need not be disclosed if they were felt to violate the lawyer-client privilege. Observations of the defendant were included in this phrase in that such may, in some cases, be considered “verbal acts”.
(3). The mere filing of a motion for examination to determine competence to stand trial should not affect in any way the provision for release of a defendant on bail or other pre-trial release provision. If a defendant has been released on bail, the *618 judgment already having been made that he is so entitled, and as long as the defendant will continue to appear for appropriate evaluations, the mere fact that such motion was filed should not abrogate his right to bail. Obviously, if other factors would affect the defendant’s right to release or would affect his right to release on specific release conditions, those conditions could be changed or his release revoked. By making the requirement that the defendant appear for evaluation a condition of release, the court can more easily take back into custody a defendant who has refused to appear for evaluation, and the defendant can then be evaluated in custody.
RULE 3.211: COMPETENCE TO STAND TRIAL: EXAMINATION AND REPORT [NEW]
Upon appointment by the court, the experts shall, prior to the hearing, examine the defendant with respect to the issue of competency to stand trial, and shall report to the court, in writing, at such time as shall be specified by the court, with copies to attorneys for the State and the defense, setting forth the results of such examination. If the court determines that there is reason to believe that the defendant may require involuntary hospitalization the court shall also order the experts to include in their report a report on issues of involuntary hospitalization. The experts shall consider the following issues, each of which shall be specifically addressed in the report:
(a). Whether the defendant meets the statutory criteria for competence to stand trial, that is, whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational, as well as factual, understanding of the proceedings against him.
(1). In considering the issue of competence to stand trial, the examining experts should consider and include in their report, but are not limited to, an analysis of the mental condition of the defendant as its affects each of the following factors:
(i). Defendant’s appreciation of the charges;
(ii). Defendant’s appreciation of the range and nature of possible penalties;
(iii). Defendant’s understanding of the adversary nature of the legal process;
(iv). Defendant’s capacity to disclose to attorney pertinent facts surrounding the alleged offense;
(v). Defendant’s ability to relate to attorney;
(vi). Defendant’s ability to assist attorney in planning defense;
(vii). Defendant’s capacity to realistically challenge prosecution witnesses;
(viii). Defendant’s ability to manifest appropriate courtroom behavior;
(ix). Defendant’s capacity to testify relevantly;
(x). Defendant’s motivation to help himself in the legal process;
(xi). Defendant’s capacity to cope with the stress of incarceration prior to trial.
(b). If ordered by the court to report on the issues of involuntary hospitalization, the experts shall then consider whether the defendant meets the criteria for involuntary hospitalization set forth by law.
(1). In determining the issue of involuntary hospitalization, the examining experts shall consider and include in their report an analysis of the following factors:
(i). The nature and extent of the mental illness or mental retardation suffered by the defendant;
(ii). Whether the defendant, because of such mental illness or mental retardation, meets the criteria for involuntary hospitalization or placement set forth by law;
(iii). Whether there is a substantial probability that the defendant tvill attain competence to stand trial within the foreseeable future;
(iv). The nature of the care and treatment to be afforded the defendant and its probable duration;
(v). Alternatives other than involuntary hospitalization which might be less restrictive on the defendant’s liberty.
*619 (c) If a notice of intent to rely on the defense of insanity has been filed, or when ordered by the court, the experts shall report on the issue of the defendant’s sanity at the time of the offense.
(d). The court shall require such report to be on a standardized form if such form has been approved by the chief judge of the circuit.
(e). The information contained in any motion by the defendant for determination of competency or in any report of experts filed under this section insofar as such report relates to the issues of competency to stand trial and involuntary hospitalization, and any information elicited during a hearing on competency or involuntary hospitalization held pursuant to this Rule, shall be used in determining the mental competency to stand trial of the defendant or the involuntary hospitalization of the defendant.
The defendant may waive this provision by using the report or parts thereof for any other purpose. If a part of the report is used by the defendant, the State may request the production of any other portion of that report which in fairness ought to be considered. Cf. section 90.108, Florida Statutes (1976), Rule 1.330(6) Florida Rules Civil Procedure.
COMMITTEE NOTE
This Rule provides for appointment of experts and for the contents of the report which the experts are to render. Since the issue of competency has been raised, the experts will, of course, report on this issue. If there is reason to believe that involuntary hospitalization is also required, the court should order the experts to make this evaluation as well during their initial examination. It was felt, however, that the experts should not inquire into involuntary hospitalization as a matter of course, but only if sufficient reasonable grounds to do so were alleged in the motion, comparing the procedure to that required by the civil commitment process.
(a). Certain factors relating to competency to stand trial have been determined to be appropriate for analysis by examining experts. Often, with different experts involved, the experts do not use the same criteria in reaching their conclusions. The criteria used by experts who testify at the competency and commitment hearings may not be the same as those used by persons involved in the treatment process or later hearings after treatment. This paragraph, therefore, addresses those factors which, at least, should be considered by experts at both ends of the spectrum. Additional factors may be considered, and these factors listed may be addressed in different ways. At least the requirement that these specific factors be addressed will give a common basis of understanding for the experts at the competency hearing, the trial judge, and the experts who will later receive a defendant who is found to be incompetent to stand trial and in need of involuntary hospitalization. The test for determining competency to stand trial is that which has been contained in both the prior rules and statutes developed from the case of Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).
(1). The factors set forth in this section have been developed by the Department of Health and Rehabilitative Services in their Competency Evaluation Instrument, a refinement of the McGarry Competency Evaluation Procedure.
(b). The issues of involuntary hospitalization are to be considered only if the court has ordered the experts to consider these issues; the court would do so if it found that there existed reasonable grounds to believe that the defendant met the criteria for involuntary hospitalization. The factors set forth in order to determine this issue are those which have been developed through prior statutes relating to involuntary hospitalization, from the case of Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), and the case of In Re: Beverly, 342 So.2d 481 (Fla.1977).
As to criteria for involuntary hospitalization, see chapter 394, Florida Statutes, or, in the case of mental retardation see chapter 393, Florida Statutes.
*620 Section 394.467(1), Florida Statutes (1979), prescribes criteria for involuntary hospitalization or placement. In case of mental retardation, section 393.11, Florida Statutes (1979), governs.
(c). In most instances, the issues of incompetency at time of trial and insanity at time of the offense will be raised at the same time or, at least, in the same case. In the event that the two are not raised in the same case, there would be no reason for the examining experts to inquire into the mental status of the defendant at the time of the offense itself at the incompetency examination. However, if insanity as a defense is raised, it would be most appropriate for judicial efficiency to have the examining experts inquire into all issues at the same time. This provision permits such inquiry by the experts in the event that notice of intent to rely on the defense of insanity has been filed by the defendant.
(d). This provision is meant to permit local circuits to develop their own forms for such reports if they feel that such forms are appropriate. It does not preclude the Department of Health and Rehabilitative Services from suggesting a form which would be of particular assistance to them and requesting its adoption, but such adoption is not mandated.
(e). This section provides for the confidentiality of the information obtained by virtue of an examination of the defendant pursuant to this section. Cf. § 90.108, Fla. Stat. (1979); Rule 1.330(6) Fla.R.Civ.P.
Section 925.22, Florida Statutes (Supp. 1980), is a companion statute relating to mental competence to stand trial.
RULE 3.212: COMPETENCE TO STAND TRIAL: HEARING AND DISPOSITION [NEW]
The experts preparing the reports may be called by either party or the court, and additional evidence may be introduced by either party. The experts appointed by the court shall be deemed court witnesses whether called by the court or either party and may be examined as such by either party.
(a). The court shall first consider the issue of the defendant’s competence to stand trial. If the court finds the defendant competent to stand trial, the court shall enter its order so finding and shall proceed to trial.
(b). If, at the hearing, the court determines that the defendant is not mentally competent to stand trial, the court shall consider the issue of involuntary hospitalization of the defendant if examination into that issue has been previously ordered.
(1). If the court decides that a defendant is not mentally competent to stand trial and meets the criteria for involuntary hospitalization set forth by law, it shall order the defendant to be transferred to a treatment facility as defined in Florida Statutes, or residential services as set forth in Florida Statutes, or may order that he receive outpatient treatment at any other appropriate facility or service on an involuntary basis. Such involuntary hospitalization or treatment shall be subject to all provisions of Florida Statutes not in conflict herewith.
(2). The order of commitment shall contain the following:
(i). Findings of fact relating to the issues of competency and involuntary hospitalization, addressing the factors set forth in Rule 3.211 above where applicable;
(ii). Copies of the reports of the experts filed with the court pursuant to the order of examination;
(iii). Any other psychiatric, psychological or social work reports submitted to the court relative to the mental state of the defendant;
(iv). The charging instrument and all supporting affidavits or other documents used in the determination of probable cause.
(3). The treatment facility shall admit the defendant for hospitalization and treatment and may retain and treat the defendant. No later than six months from the date of admission the administrator of the facility shall file with the court a report which shall address the issues and consider the factors set forth in Rule 3.211 above, with copies to all parties. If at any time *621 during the six month period or during any period of extended hospitalization which may be ordered pursuant to this Rule, the administrator of the facility shall determine that the defendant no longer meets the criteria for involuntary hospitalization or has become competent to stand trial, the administrator shall notify the court by such a report, with copies to all parties.
(i). In the event that, during the six month period of hospitalization and treatment or during any period of extended hospitalization which may be ordered pursuant to this Rule, counsel for the defendant shall have reasonable grounds to believe that the defendant is competent to stand trial or no longer meets the criteria for involuntary hospitalization, he may move the court for hearing on the issue of the defendant’s competence or involuntary hospitalization. Such motion shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the defendant is now competent to stand trial or no longer meets the criteria for involuntary hospitalization. To the extent that it does not invade the attorney-client privilege, the motion shall contain a recital of the specific observations of and conversations with the defendant which have formed the basis for such motion.
(ii). If, upon consideration of a motion filed by counsel for the defendant and any information offered the court in support thereof, the court has reasonable grounds to believe that the defendant may have regained competence to stand trial or no longer meets the criteria for involuntary hospitalization, the court may order the administrator of the facility to report to the court on such issues, with copies to all parties, and shall order a hearing to be held on those issues.
(4). The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby. If, following such hearing, the court determines that the defendant continues to be incompetent to stand trial and that he meets the criteria for continued hospitalization or treatment the court shall order continued hospitalization or treatment for a period not to exceed one year. When the defendant is retained by the facility, the same procedure shall be repeated prior to the expiration of each additional one year period of extended hospitalization.
(5). If at any time after such hospitalization the court decides, after hearing, that the defendant is competent to stand trial, it shall enter its order so finding and shall proceed with the trial.
(6). If after any such hearing the court shall determine that the defendant remains incompetent to stand trial but no longer meets the criteria for involuntary hospitalization, the court shall proceed as provided in Rule 3.212(c).
(c). If the court decides that a defendant is not mentally competent to stand trial but does not meet the criteria for involuntary hospitalization set forth by law, or is not mentally retarded under law, the defendant may be released on appropriate release conditions for a period not to exceed one year. The court may order that the defendant receive outpatient treatment at an appropriate local facility and that the defendant report for further evaluation at specified times during such release period as conditions of release. A report shall be filed with the court after each such evaluation by the persons appointed by the court to make such evaluations, with copies to all parties.
COMMITTEE NOTE
This Rule sets forth the procedure for the hearing itself. In the event that there should have been other experts involved who were not appointed pursuant to this Rule, provision is made that such experts may then be called by either party. Those experts appointed by the court to conduct the examination, if called by the court or by either party to testify at the hearing, will be regarded as court experts. Either party may then examine such experts by leading questions or may impeach such experts. In the event that a party should call an expert witness other than those appointed by the *622 court pursuant to these Rules, the usual evidentiary rules of examining such witnesses shall then apply. Following the hearing, the court may come to one of three conclusions: (a) the defendant is competent to stand trial, 3.212(a); (b) the defendant is incompetent to stand trial and is in need of involuntary hospitalization, 3.212(b); (c) the defendant is incompetent to stand trial but is not in need of involuntary hospitalization, 3.212(c).
(a). This provision has been contained in every prior rule or statute relating to the issues of competency to stand trial and provides that if the defendant is competent the trial shall commence. No change is recommended.
(b). This paragraph provides for the second possible finding of the court, namely that the defendant is found incompetent to stand trial and is in need of involuntary hospitalization. It is designed to track the provisions of chapter 394, Florida Statutes, relating to involuntary hospitalization and the provisions of chapter 393 relating to residential services insofar as they may apply to the defendant under criminal charges. In this way, the procedures to be set up by the institution to which a criminal defendant is sent should not vary greatly from procedures common to the institution in the involuntary hospitalization or residential treatment of those not subject to criminal charges.
The criteria for involuntary hospitalization is set forth in section 394.467(1), Florida Statutes (1979). As to involuntary hospitalization for mental retardation, see section 393.11, Florida Statutes (1979); definition of treatment facility, see chapter 394.-455, Florida Statutes (1979); involuntary admission to residential services, see section 393.11, Florida Statutes (1979).
(2). The requirement that there be certain contents to the order of commitment is set forth in order to give greater assistance to the personnel of the treatment facility. The information to be included in the order should give them the benefit of all information that has been before the trial judge and has been considered by that judge in making his decision to involuntarily hospitalize the defendant. This information should then assist the personnel of the receiving institution in making their initial evaluation and in instituting appropriate treatment more quickly. The last requirement, that of supporting affidavits or other documents used in the determination of probable cause is to give some indication of the nature of the offense to the examining doctors to enable them to determine when the defendant has reached a level of improvement that he can discuss the charge with “a reasonable degree of rational understanding.”
(3). This section is designed to correspond with a complementary section of the Florida Statutes. It mandates, as does the statute, that the treatment facility must admit the defendant for hospitalization and treatment. The time limitations set forth in this section are designed to coincide with those set forth in the chapter 394, Florida Statutes. If, however, the defendant should regain competence or no longer meets hospitalization criteria prior to the expiration of any of the time periods set, the administrator of the facility may report to the court and cause a re-evaluation of the defendant’s mental status. At the end of the six month period, and every year thereafter, the administrator must report to the court. These time periods are set forth so as to coincide with chapter 394, Florida Statutes.
(i). Permits the defendant’s attorney, in an appropriate case, to request a hearing if he believes the defendant to have regained competency. The grounds for such belief are to be contained in the motion, as is a certificate of the good faith of counsel in filing it. If the motion is sufficient to give the court reasonable grounds to believe that the defendant may be competent or no longer meets the criteria for hospitalization, the court can order a report from the administrator and hold a hearing on the issues.
(4). The rule is meant to mandate that the court hold a hearing as quickly as possible, but the hearing must be held at least *623 within 30 days of the receipt of the report from the administrator of the facility.
(c). This rule provides for the disposition of the defendant who falls under the third of the alternatives listed above, that he is incompetent to stand trial but does not meet the provisions for involuntary hospitalization. It is meant to provide as great a flexibility as possible for the trial judge in handling such defendant.
As to criteria for involuntary hospitalization, see section 394.467(1), Florida Statutes (1979).
Section 925.23, Florida Statutes (Supp. 1980), complements this Rule and provides for the hospitalization of defendants adjudicated incompetent to stand trial.
RULE 3.213: CONTINUING INCOMPETENCY TO STAND TRIAL: DISPOSITION [NEW]
(a). If at any time after five years after determining a person incompetent to stand trial when charged with a felony or one year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial, that there is no substantial probability that the defendant will become mentally competent to stand trial in the foreseeable future, and that the defendant does not meet the criteria for involuntary hospitalization set forth by law, or for involuntary admission to residential services as set forth by law, it shall dismiss the charges against the defendant.
(b). If at any time after five years after determining a person incompetent to stand trial when charged with a felony or one year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial, that there is no substantial probability that the defendant will become mentally competent to stand trial in the foreseeable future and that the defendant does meet the criteria for involuntary hospitalization set forth by law, the court shall dismiss the charges against the defendant and commit the defendant to the Department of Health and Rehabilitative Services for involuntary hospitalization or residential services solely under the provisions of law, or may order that he receive outpatient treatment at any other facility or service on an outpatient basis subject to the provisions of those statutes. In the order of commitment, the judge shall order that the administrator of the facility notify the State Attorney of the committing circuit no less than 30 days prior to the anticipated date of release of the defendant.
COMMITTEE NOTE
As to involuntary hospitalization, see section 394.467(1), Florida Statutes (1979); as to involuntary admission to residential services, see chapter 393, Florida Statutes (1979).
(b). This provision is meant to deal with the defendant who remains incompetent after five years, and who does meet the criteria for involuntary hospitalization. It provides that the criminal charges will be dismissed and the defendant will be involuntarily hospitalized. It further provides that the administrator of the facility must notify the State Attorney prior to any release of a defendant committed pursuant to this section.
As to criteria for involuntary hospitalization, see section 394.467(1), Florida Statutes (1979); in case of retardation, see chapter 393, Florida Statutes (1979).
(c). Since commitment criteria for a defendant determined to be incompetent to stand trial are the same as for civil hospitalization, there is no need to continue the difference between felony and misdemean- or procedure.
Section 925.24, Florida Statutes (Supp. 1980), makes the statute of limitations and defense of former jeopardy inapplicable to criminal charges dismissed because of incompetence of defendant to stand trial.
RULE 3.214: EFFECT OF ADJUDICATION OF INCOMPETENCY TO STAND TRIAL: PSYCHOTROPIC MEDICATION [NEW]
(a). If the defendant is declared incompetent to stand trial during trial and after- *624 wards declared competent to stand trial, his other uncompleted trial shall not constitute former jeopardy.
(b). An adjudication of incompetency to stand trial shall not operate as an adjudication of incompetency to consent to medical treatment or for any other purpose unless such other adjudication is specifically set forth in the order.
(c). A defendant who, because of psychotropic medication, is able to understand the proceedings and to assist in his defense shall not automatically be deemed incompetent to stand trial simply because his satisfactory mental condition is dependent upon such medication, nor shall he be prohibited from standing trial or entering a plea solely because he is being administered medication under medical supervision for a mental or emotional condition.
(1). Psychotropic medication is any drug or compound affecting the mind, behavior, intellectual functions, perception, moods, or emotion, and includes anti-psychotic, antidepressant, anti-manic and anti-anxiety drugs.
(2). If the defendant proceeds to trial with the aid of medication for a mental or emotional condition, upon the motion of defense counsel, the jury shall, at the beginning of the trial and in the charge to the jury, be given explanatory instructions regarding such medication.
(d). The provisions of Rule 3.191 shall no longer apply to any defendant adjudged incompetent to stand trial until, in the case of a defendant whose charges have not been dismissed pursuant to these rules, the date the defendant is again adjudicated competent to stand trial or, in the case of a defendant whose charges have been dismissed without prejudice, the date the charges are again filed.
COMMITTEE NOTE
(c). As to psychotropic medications, see section 925.22(b), Florida Statutes (1980).
(d). This section is intended to provide specific exceptions to the Speedy Trial Rule.
RULE 3.216: INSANITY AT TIME OF OFFENSE: NOTICE AND APPOINTMENT OF EXPERTS [NEW]
(a). When in any criminal case counsel for a defendant adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the defendant may be incompetent to stand trial or that he may have been insane at the time of the offense, he may so inform the court who shall appoint one expert to examine the defendant in order to assist his attorney in the preparation of his defense. Such expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.
(b). When in any criminal case it shall be the intention of the defendant to rely on the defense of insanity, no evidence offered by the defendant for the purpose of establishing such defense shall be admitted in such case unless advance notice in writing of the defense shall have been given by the defendant as hereinafter provided.
(c). The defendant shall give notice of intent to rely on the defense of insanity no later than 15 days after the arraignment or the filing of a written plea of not guilty in the case. If counsel for the defendant shall have reasonable grounds to believe that the defendant may be incompetent to stand trial, the notice shall be given at the same time that the motion for examination into the defendant’s competence is filed. Such notice shall contain a statement of particulars showing the nature of the insanity the defendant expects to prove and the names and addresses of the witnesses by whom he expects to show such insanity, insofar as is possible.
(d). Upon the filing of such notice the court may, on its own motion, and shall upon motion of the State or the defendant, order that the defendant be examined by no more than three nor fewer than two disinterested, qualified experts as to the sanity or insanity of the defendant at the time of the commission of the alleged offense. Attorneys for the State and defendant may be present at the examination. Such examina *625 tion should take place at the same time as the examination into the competence of the defendant to stand trial, if the issue of competence has been raised.
(e). The experts shall examine the defendant and shall file with the court in writing at such time as shall be specified by the court with copies to attorneys for the State and the defense a report which shall contain the following:
(1). A description of the evaluative techniques which were used in their examination;
(2). A description of the mental and emotional condition and mental processes of the defendant at the time of the alleged offense, including the nature of any mental impairment and its relationship to the actions and state of mind of the defendant at the time of the offense;
(3). A statement of all relevant factual information regarding the defendant’s behavior on which the conclusions or opinions regarding his mental condition were based;
(4). An explanation of how the conditions and opinions regarding the defendant’s mental condition at the time of the alleged offense were reached.
(f). Upon good cause shown for the omission of the notice of intent to rely on the defense of insanity, the court may in its discretion grant the defendant 10 days to comply with such notice requirement. If leave is granted and the defendant files said notice, he is deemed unavailable for trial. If the trial has already commenced the court, only upon motion of the defendant, may declare a mistrial in order to permit the defendant to raise the defense of insanity pursuant to this Rule. Any motion for mistrial shall constitute a waiver of the defendant’s right to any claim of former jeopardy arising from the uncompleted trial.
(g). If the defendant has been released from custody on a pre-trial release provision, the court may order the defendant to appear at a designated place for evaluation at a specific time as a condition of such release provision. If the court determines that the defendant will not submit to the evaluation provided for herein or that the defendant is not likely to appear for the scheduled evaluation, the court may order the defendant taken into custody, if he is not already in custody, until the determination of his competency. A motion made for evaluation under this subsection shall not otherwise affect the defendant’s right to pre-trial release.
(h). The appointment of experts by the court shall not preclude the State or the defendant from calling additional expert witnesses to testify at the trial. The experts appointed by the court may be summoned to testify at the trial, and shall be deemed court witnesses whether called by the court or either party. Other evidence regarding the defendant’s sanity may be introduced by either party. In its instruction to the jury, the court shall include an instruction on the consequences of a verdict of not guilty by reason of insanity.
COMMITTEE NOTE
(a). This section is based on the Florida case of Pouncy v. State, 353 So.2d 640 (Fla. 3d DCA 1977), and provides that an expert may be provided for an indigent defendant. The appointment of the expert will in this way allow the public defender or court appointed attorney to screen possible incompetency or insanity cases and give a basis for determining whether issues of incompetency or insanity ought to be raised before the court; it will also permit the defense attorney to specify in greater detail in the statement of particulars the nature of the insanity he expects to prove, if any, and the basis for the raising of that defense.
(b). Essentially the same as in prior rules; provides that written notice must be given in advance by the defendant.
(c). Since counsel for indigents often are not appointed until arraignment, and since it is sometimes difficult for a defendant to make a determination on whether the defense of insanity should be raised prior to arraignment, a 15 day post-arraignment period is provided fon-the filing of the notice. The defendant must raise incompe *626 tency at the same time as he raises insanity, if at all possible. With the appointment of the expert to assist the defendant, he should be able to raise both issues at the same time if grounds for both exist. The remainder of the Rule, providing for the statement to be included in the notice, is essentially the same as that in prior rules.
(d). The appointment of experts provision is designed to track, insofar as possible, the provisions for appointment of experts contained in the rules relating to incompetency to stand trial and in the Florida Statutes relating to appointment of expert witnesses. Insofar as possible, the single examination should include incompetency, involuntary commitment issues where there are reasonable grounds for their consideration, and issues of insanity at time of the offense. Judicial economy would mandate such a single examination where possible.
(e). In order to obtain more standardized reports, specific items relating to the examination are required of the examining experts. See note to Rule 3.211(a).
(f). Essentially the substance of prior Rule 3.210(e)(4) and (5), with some changes. Both prior provisions are combined into a single provision; speedy trial time limits are no longer set forth, but waiver of double jeopardy is mandated.
(g). Same as Rule 3.210(b)(3), relating to incompetency to stand trial. See commentary to that Rule.
(h). A restatement of former Rule 3.210(e)(7). The provision that experts called by the court shall be deemed court witnesses is new. The former provision relating to free access to the defendant is eliminated as unnecessary.
As to appointment of experts, see section 925.21, Florida Statutes (Supp.1980).
RULE 3.217: JUDGMENT OF NOT GUILTY BY REASON OF INSANITY: DISPOSITION OF DEFENDANT [NEW]
(a). When a person tried for an offense shall be acquitted for the cause of insanity by the jury or the court, the jury or judge in giving the verdict or finding of not guilty shall state that it was given for such cause.
(b). When a person tried for an offense shall be acquitted for the cause of insanity, if the court shall then determine that the defendant presently meets the criteria set forth by law, the court shall commit the defendant to the Department of Health and Rehabilitative Services for involuntary hospitalization or placement, or shall order that he receive outpatient treatment at any other appropriate facility or service on an outpatient basis, or shall discharge the defendant.
(1). Any order committing the defendant for involuntary hospitalization, outpatient treatment or other outpatient service, shall contain the following:
(i). Findings of fact relating to the issue of involuntary hospitalization or placement;
(ii). Copies of any reports of experts filed with the court;
(iii). Any other psychiatric, psychological or social work report submitted to the court relative to the mental state of the defendant.
COMMITTEE NOTE
(a). Same substance as in prior rule.
(b). The criteria for commitment are set forth in chapter 394, Florida Statutes. This Rule incorporates those statutory criteria by reference, and then restates the other alternatives available to the judge under former Rule 3.210.
See section 925.28, Florida Statutes (Supp.1980), for criteria.
(1). This section is equivalent to Rule 3.212(b)(2); see commentary to that Rule. RULE 3.218: HOSPITALIZATION OF A DEFENDANT FOUND NOT GUILTY BY REASON OF INSANITY [NEW]
The Department of Health and Rehabilitative Services shall admit to an appropriate facility a defendant found not guilty by reason of insanity pursuant to Rule 3.217 and found to meet the criteria for involuntary hospitalization or placement for hospitalization and treatment and may retain and treat the defendant. No later than six months from the date of admission, the *627 administrator of the facility shall file with the court a report, with copies to all parties, which shall address the issues of further involuntary hospitalization of the defendant. If at any time during the six month period or during any period of extended hospitalization which may be ordered pursuant to this Rule, the administrator of the facility shall determine that the defendant no longer meets the criteria for involuntary hospitalization, the administrator shall notify the court by such a report with copies to all parties.
(a). The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby, and the defendant shall have a right to be present at such hearing. If, following such hearing, the court determines that the defendant continues to meet the criteria for continued hospitalization or treatment, the court shall order further hospitalization or treatment for a period not to exceed one year. The same procedure shall be repeated prior to the expiration of each additional one year period the defendant is retained by the facility.
(b). Prior to any hearing held pursuant to this Rule, the court may on its own motion and shall upon motion of counsel for State or defendant, appoint no fewer than two nor more than three experts to examine the defendant relative to the criteria for continued involuntary hospitalization or placement by the defendant, and shall specify the date by which such experts shall report to the court on these issues, with copies to all parties.
COMMITTEE NOTE
This provision provides for hospitalization of a defendant found not guilty by reason of insanity and is meant to track similar provisions in the rules relating to competency to stand trial and the complementary statutes. It provides for an initial six month period of commitment with successive one year periods; it provides for reports to the court and for the appointment of experts to examine the defendant when such hearings are necessary. The underlying rationale of this Rule is to make standard, insofar as possible, the commitment process, whether it be for incompetency to stand trial or following a judgment of not guilty by reason of insanity.
For complementary statute providing for hospitalization of defendant adjudicated not guilty by reason of insanity, see section 925.25, Florida Statutes (Supp.1980).
RULE 3.219: CONDITIONAL RELEASE
(a). The committing court may order a conditional release of any defendant who has been committed according to a finding of incompeteney to stand trial or an adjudication of not guilty by reason of insanity based on an approved plan for providing appropriate outpatient care and treatment. At such time as the administrator shall determine outpatient treatment of the defendant to be appropriate, he may file with the court, with copies to all parties, a written plan for outpatient treatment, including recommendations from qualified professionals. Such a plan may be submitted by the defendant. The plan shall include:
(1). Special provisions for residential care and/or adequate supervision of the defendant;
(2). Provisions for outpatient mental health services;
(3). If appropriate, recommendations for auxiliary services such as vocational training, educational services, or special medical care.
In its order of conditional release the court shall specify the conditions of release based upon the release plan and shall direct the appropriate agencies or persons to submit periodic reports to the court regarding the defendant’s compliance with the conditions of the release, and progress in treatment, with copies to all parties.
(b). If at any time it appears that the defendant has failed to comply with the conditions of release, or that the defendant’s condition has deteriorated to the point that inpatient care is required, or that the release conditions should be modified, the court may after hearing modify the release conditions or order that the defendant be *628 returned to the Department of Health and Rehabilitative Services for further treatment.
(c). If at any time it is determined after hearing that the defendant no longer requires court supervised follow-up care, the court shall terminate its jurisdiction in the cause and discharge the defendant.
COMMITTEE NOTE
This section implements the prior statutory law permitting conditional release.
For complementary statute providing for conditional release, see section 925.27, Florida Statutes (Supp.1980).
RULE 3.220: DISCOVERY
(a). Prosecutor’s Obligation
(l)(iii). Any written or recorded statement[s] and the substance of any oral statements made by the accused, [including a copy of anv statements contained in police reports or report summaries.! together with the name and address of each witness to the statements.
COMMITTEE NOTE
The intent of the rule change is to guarantee that the accused will receive those portions of police reports or report summaries which contain any written, recorded or oral statements made by the accused.
RULE 3.300: VOIR DIRE EXAMINATION: OATH AND EXCUSING OF MEMBER
(b). Examination.
The court shall Fmavl then examine each prospective juror individually, except that; with- the-consent of both-parties-it [or] may examine the prospective jurors collectively. Counsel for both State and defendant shall be permitted to propound pertinent questions^» the prospective juror after such examination by the court [have the right to examine jurors orally on their voir dire. The order in which the parties mav examine each juror shall be determined bv the court. The right of the parties to conduct an examination of each juror orally shall be preserved.l
COMMITTEE NOTE
As to examination by parties, this brings Rule 3.300(b) into conformity with Florida Rule of Civil Procedure 1.431(b). This Rule also allows the court to examine each prospective juror individually or collectively. RULE 3.315: EXERCISE OF CHALLENGES [NEW]
(a). Upon the motion of any party, all challenges shall be addressed to the court outside the hearing of the jury in a manner selected by the court so that the jury panel is not aware of the nature of the challenge, the party making the challenge, or the basis of the court’s ruling on the challenge, if for cause.
COMMITTEE NOTE
With the exception of “Upon the motion of any party,” the language is taken directly from Florida Rule of Civil Procedure 1.431(3). This Rule had no counterpart in the criminal rules.
RULE 3.380: MOTION FOR JUDGMENT OF ACQUITTAL
(c). If the jury returns a verdict ■ of guilty or is discharged without having returned a verdict, the defendant’s motion may be made or renewed within the time permitted for-filing- of-motion-for -new trial or -within ften days after the reception of a verdict, and the iurv is discharged or] such further time as the court may allow.
COMMITTEE NOTE
This brings Rule 3.380(c) into conformity with Florida Rule of Civil Procedure 1.480(b) as it relates to the number of days (10) within which a party, either in a civil or criminal case, may make or renew his motion for judgment of acquittal. There appears to be no sound reason for the distinction between the criminal rule (4 days, or such greater time as the court may allow, not to exceed 15 days), and the civil rule (10 days).
RULE 3.460: REPEALED
COMMITTEE NOTE
The substance of this former rule is contained in proposed Rules 3.217 and 3.218; to *629 continue it as a separate rule is unnecessary.
RULE 3.590: TIME FOR AND METHOD OF MAKING MOTIONS; PROCEDURE; CUSTODY PENDING HEARING
(a). A motion for new trial or in arrest of judgment, or both, may be made within four-days,- or- such-greater-time-as the court may allow, not to exceed fifteen days [ten davsl after the rendition of the verdict or the finding of the court. fA timely motion may be amended to state new grounds without leave of court prior to expiration of the ten-day period, and in the discretion of the court at any other time before the motion is determined .1
COMMITTEE NOTE
This brings Rule 3.590(a) into conformity with Florida Rule of Civil Procedure 1.530(b) as it relates to the time within which a motion for new trial or in arrest of judgment may be filed. It also allows the defendant in a criminal case the opportunity to amend his motion. The opportunity to amend already exists in a civil case. No sound reason exists to justify the disparities in the rules.
RULE 3.720: SENTENCING HEARING
As soon as practicable after the determination of guilt and after the examination of any presentence reports the sentencing court shall order a sentencing hearing. At the hearing the sentencing court shall:
(a). Inform the defendant of the finding of guilt against him and of the judgment and ask him whether he has any legal cause to show why sentence should not be pronounced. The defendant may allege and show as legal cause why sentence should not be pronounced, only:
(1). That he is insane;
(2). That he has been pardoned of the offense for which he is about to be sentenced;
(3). That he is not the same person against whom the verdict or finding of the court or judgment was rendered;
(4). If the defendant is a woman and sentence of death is to be pronounced, that she is pregnant;
(b). Entertain submissions and evidence by the parties which are relevant to the sentence; and
(c). In cases where guilt was determined by plea, inform itself, if not previously informed, of the existence of plea discussions or agreements and the extent to which they involve recommendations as to the appropriate sentence^- [and
(d)(U. If the accused was represented bv a public defender or special assistant public defender, the court shall notify the accused of the imposition of a lien pursuant to section 27.56, Florida Statutes (19791. The amount of the lien shall be given and a judgment entered in that amount against the accused. Notice of the accused’s right to a hearing to contest the amount of the lien shall be given at the time of sentence.
(2). If the accused requests a hearing to contest the amount of the lien, the court shall set a hearing date within thirty (30) days of the date of sentencing.]
COMMITTEE NOTE
Modification of the Rule requires a trial judge to adequately inform a defendant of the imposition of a lien for public defender services. A uniform procedure for scheduling hearings to contest liens would reduce the number of post-sentence petitions from incarcerated defendants at times remote from sentencing. The procedure is designed to complete all lien requirements established by section 27.56, Florida Statutes (1979), before defendants are removed from the jurisdiction of the trial court. RULE 3.800: ' CORRECTION: REDUCTION AND MODIFICATION OF SENTENCES
(a). A court may at any time correct an illegal sentence imposed on it.
(b). A court may reduce or fmodify to include any of the provisions of chapter 948. Florida Statutes.1 a legal sentence imposed by it within sixty days after such imposition, or within sixty days after receipt by *630 the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari.
This section of the Rule shall not, however, be applicable to those cases in which the death sentence is imposed or those cases where the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.
COMMITTEE NOTE
Permits the sentencing judge, within the sixty day time period, to modify as well as to reduce, the sentence originally imposed. Such modification would permit the judge to impose, in the modification, any sentence which could have been imposed initially, including split sentence or probation. The trial judge may not, in such modification, increase the original sentence.
RULE 3.986: JUDGMENT AND SENTENCE
The following uniform judgment and sentence form is sufficient. Variation from this form does not void the judgment, sentence, and fingerprints that are otherwise sufficient.
IN THE CIRCUIT COURT, _ COUNTY, FLORIDA _TERM 19_ CASE NO_
STATE OF FLORIDA vs.
Defendant
JUDGMENT AND SENTENCE The defendant_being personally before this Court, represented by _, his attorney of record,
having been tried and found guilty of the crime of
having entered a plea of guilty to the crime of
having entered a plea of nolo contendere to the crime of _ and the
court having inquired and given the defendant an opportunity to be heard and show cause why he should not be adjudged guilty and sentenced as provided by law, including an opportunity to offer matters in mitigation of sentence, and no cause being shown, it is thereupon:
Ordered that the defendant_is hereby adjudicated guilty of the crime of _It is the sentence of the law that said defendant be committed to the custody of the Department of Offender Rehabilitation rCorrectionsl of the State of Florida, to be imprisoned at hard labor for the term of_in the institution in the State Correctional System to which said Department may cause you to be confined. (The Court recommends that you be confined at_type institution.)
It is further ordered that you shall be allowed_credit for such time as you have been incarcerated prior to the imposition of this sentence for this offense. (No credit should be allowed if the defendant is already under sentence or if credit has been previously given for another offense. Strike if not applicable.)
It is further ordered that this sentence is (concurrent) (consecutive) with the sentence imposed for the crime of -, in Case_, _ County, No. _ (Strike if not applicable.)
It is further ordered that the Sheriff of _County, Florida, is hereby ordered and directed to deliver said defendant to the Department of Offender Rehabilitation [Corrections) together with a copy of this Judgment and Sentence. It is further ordered and adjudged that said defendant *631 shall pay the sum of one dollar ($1.00) pursuant to section 943.25(3), Florida Statutes.
The defendant in open court was advised of his right to appeal from this Judgment and Sentence within thirty days from this date, and the defendant’s entitlement to the assistance of counsel in taking said appeal upon a showing that said defendant was entitled to an attorney at the expense of the State.

COMMITTEE NOTE
The proposed changes to Rule 3.986 are housekeeping in nature. References to the Department of Offender Rehabilitation have been changed to Department of Corrections to reflect a legislative change. See § 20.315, Fla.Stat. (Supp.1978). The reference to “hard labor” has been stricken as the courts have consistently held such a condition of sentence is not authorized by statute. See, e. g., McDonald v. State, 321 So.2d 453, 458 (Fla. 4th DCA 1975).