415 So.2d 872 (1982)
Jesse LIVINGSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-521.
District Court of Appeal of Florida, Second District.
June 25, 1982.
Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
When this case was before us for the first time, we remanded it to the trial court for an evidentiary hearing on appellant's insanity allegation. Livingston v. State, 383 So.2d 947 (Fla. 2d DCA 1980). Experts were appointed and the hearing was held.
Now appellant argues that the evidence presented to the trial court at the hearing fell short of compliance with the new Rules of Criminal Procedure mandated for use in determining the sanity of a defendant at the time of an offense and a defendant's competence to stand trial.[1] We agree with appellant.
On July 7, 1980, the trial court appointed two experts to examine appellant. Their reports were given at a hearing on July 11, 1980. The new Rules of Criminal Procedure applicable to such proceedings were adopted on July 18, 1980, but went into effect on July 1, 1980. In re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980).
Nothing in this record indicates that either the trial judge, the attorneys, or the experts knew that the new rules were applicable to the proceedings in the case at bar. Nevertheless, we are compelled to review this case in light of the specific factors enumerated in those rules. The experts must consider and analyze those factors and *873 must discuss several areas in their written reports. Cf. Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1969) (trial judge of adult court must consider specific statutory criteria and make written findings before imposing adult sanctions on a transferred juvenile); and Fry v. State, 359 So.2d 584 (Fla. 2d DCA 1978) (habitual felony statute mandates that the trial court make various findings before imposing an enhanced sentence). Our review of the written reports and the testimony of the experts reveals that their conclusions were not based on a consideration of each of the factors and their reports did not include a discussion of each of the areas required by Florida Rules of Criminal Procedure 3.211(a)(1) and 3.216(e). Compliance with the rules will facilitate intelligent appellate review.
Therefore, we REVERSE the order denying appellant's motion for postconviction relief and REMAND the case for further proceedings to determine appellant's sanity at the time of the offense and his competency to stand trial.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] Fla.R.Crim.P. 3.211 and 3.216.