NAT POYNTZ, J. D. BEGGS AS TRUSTEE, ET AL., APPELLANTS, VS. WILLIAM H. REYNOLDS, TRUSTEE, APPELLEE. NO. 1.

BENJAMIN B. POYNTZ, APPELLANT, VS. WILLIAM H. REYNOLDS, TRUSTEE, APPELLEE. NO. 2.

APPELLATE PRACTICE—SUPERSEDEAS BOND—RULES OF PRACTICE—ABSTRACTS OF RECORD.

1. The rules of practice for the government of the Supreme Court, adopted at its June term, 1895, did not go into effect or become

operative until the 15th day of October, 1895, and do not apply to or affect any cause *brought to the Supreme Court prior to that date*, except in those instances and in those respects wherein said rules themselves in express terms provide for their application to causes brought here prior to that date.

2. The special rules of practice for the government of the Circuit. Courts in the preparation of bills of exceptions and transcripts of records in civil causes, adopted at the June term, 1895, of this court did not go into effect or become operative until the first day of December, 1895, and do not apply to or affect any bill of exceptions or transcript of record made up and *filed in the Sumpreme Court prior to December first, A. D. 1895*.

3. Rule 20 of said rules of practice for the Supreme Court, making provision for the filing of *abstracts of record*, expressly provides that its provisions shall apply to all civil causes *made returnable* to the January term, 1896, of this court, regardless of the date when the transcript of the record may have been made up or filed.

4. An abstract of the record, made up in accordance with rule 20 of the rules of practice of this court, need not be, and should not be, a *copy* of the record; but, in order to comply with the rule, it should contain, in a *clear* and *concise* form, the *material* substance of the *pleadings* in the cause, in the order by dates in which they were filed, the *material substance* of the *rulings* of the court thereon, the substance of the *issues* on which the case was tried, and the *material facts* on which the issues were determined, together with a *concise* statement of the *assignments of error* relied upon. All of which must be in as *concise* and *condensed* form, with all immaterial and unnecessary verbiage omitted, as is practicable and consistent with a *fair* and *clear* presentation of all matters and questions to be passed upon here. *Brevity, clearness* and *conciseness* should be the objects striven for in the preparation of such an abstract, without losing sight of the fact that it must contain such a *full* and *fair* presentation of the case as that this court may use it alone in trying and passing upon all the questions involved, without referring at all to the certified transcript of the record sent here by the clerk.

5. If the provisions of said rules requiring records. briefs, abstracts of records and other papers for use in this court to be *clearly* and *legibly* type-written or printed, and with *black ink*, are not strictly complied with, it is cause for dismissal. When

Poyntz, Beggs, Trustee, et al. v. Reynolds, Trus.—Opinion of Court.

such papers are filed here blurred, dim and indistinct, and in other than black ink, it is a violation of the rules.

6. Section 1272 Rev. Stat. provides that *supersedeas bonds* shall have two obligors, which means that they shall have *two sureties*, both of whom must be bound for the *whole amount* of the bond. Such a bond executed by several sureties, each of whom obligates himself for only such a fractional part of the bond as that the sum of the aggregation of all of their liabilities thereon equals simply the full sum of the bond, does not comply with the statute, as it gives the obligee in the bond but one surety for the full amount. If it be permissible thus to split up and distribute the principal of such a bond among numerous sureties, so that each shall be bound only for a fractional part thereof, there should be enough of them bound for the fractional parts into which it is distributed so that the obligee in the bond shall have *two sureties* in the aggregate for the *full amount* thereof.

7. A non-resident of this State who does not own sufficient property here to answer the amount of a supersedeas bond upon which he becomes surety in the courts here, is not a "good and sufficient obligor" upon such bond, within the contemplation of sec. 1272 Rev. Stat.

Thirty days allowed in which to file abstracts of record and supersedeas bond; otherwise motions to dismiss appeal and vacate supersedeas will be granted.

Motion to dismiss appeals and to vacate supersedeas orders.

*Wm. H. Jewell*, for motions.

*Thos. E. Wilson*, contra.

TAYLOR, J.:

The two cases stated separately as above are in fact but one case, but the appellee therein now makes separate motions to dismiss, and to vacate the supersedeas therein, treating them in his motions as though they were separate and distinct cases as above styled. For

the purpose of disposing of the motions made we will deal with them in the same way, and for brevity will refer to them herein as Case No. 1, and Case No. 2. In Case No. 1 the grounds of the motion to dismiss the appeal are: 1st. Because appellants have failed to comply with rule 12 of this court, in not having served appellee or his counsel with a copy of the transcript of the record. 2d. Because of appellants' failure to comply with rule 13 of this court requiring an assignment of errors to be filed with the clerk below at the time of applying for transcript of the record. 3d. Because appellants have failed to comply with rule 20 of this court requiring a copy of the abstract or statement of the record to be served upon appellee.

As to the first and second grounds of this motion, there is no merit in them. The record in the cause was filed here on the 10th day of September, 1895, and the appeal was entered prior to that date. The rules of practice for the government of this court, adopted at the June term, 1895, did not go into effect or become operative until the 15th day of October, 1895, and do not apply to or affect any cause *brought here prior* to the last named date, except in those instances and in those respects wherein the *rules themselves in express terms* provide for their application to causes that may have been brought here prior to that date. All of which will plainly appear from an attentive reading of the order of this court adopting said rules. The rules of practice, adopted by this court at its June term, 1895, for the government of the *Circuit Courts* in the preparation of bills of exceptions and transcripts of records in civil causes did not go into effect or become operative, by the express terms of the order of the court adopting them, until

the first day of December, 1895. The transcript of the record in these causes having been made up and filed here long prior to December 1st, 1895, the last named rules did not apply to or affect them in any manner; neither do said last named rules affect or apply to any cause in which the transcript of the record was filed in this court prior to December 1st, 1895. The third ground of the motion to dismiss is well taken. Rule 20 of the rules for the government of this court, adopted at its June term, 1895, expressly provides that its provisions shall apply to all civil causes *made returnable to the January term, 1896*, of this court. This cause was made returnable to this term, and said rule 20 is applicable to it, and it was the duty of the appellants under it to file four copies of an abstract or statement of the record in the cause in this court, and to serve the appellee or his attorney with one copy thereof on or before the ·day to which the cause was made returnable; and it was their duty to make such abstracts conform to the requirements of such rule. Filed with the papers in the cause here are some papers styled "abstract of record," that do not conform in any respect to the plain requirements of the rule. They are nothing more than lists of the different papers by name that were filed or issued in the cause, with the dates of their filing or issuance, without any of the contents or material substance of what such papers contained. The rule expressly provides that such abstracts must contain such a clear presentation of the case as that this court may be able to try and adjudge the cause upon such abstract alone, without even referring to the transcript of the record certified and sent here by the clerk below. While the rule does not contemplate that the abstract shall be a copy

of the record, yet it does require that it shall contain in a *clear* and *concise* form the *material substance* of the *pleadings in the cause*, in the order in which they were filed by dates, the *material substance* of the *rulings* of the court thereon, the substance of the *issues* on which the case was tried, and the *material facts* on which the issues were determined; all of which must be in a *concise* and *condensed* form with all immaterial and unnecessary verbiage omitted, as is practicable and consistent with a *fair* and *clear* presentation of all matters and questions to be passed upon here, together with a *concise* statement of the assignments of error relied upon. Brevity, clearness and conciseness should be the objects striven for in the preparation of such abstracts, without losing sight of the fact that it must contain such a *full* and *fair* presentation of the case as that this court may use it alone in trying and passing upon all the questions involved, without referring at all to the certified transcript of the record. Noyes vs. Lane, 2 South Dakota, 55. The so-called abstracts filed here also infringe upon Rule 34 of this court, in that purple ink is used in their preparation, instead of black; and, besides this, they are not *clearly* and *legibly* type-written as is required by Rule 20, but are blurred, dim and indistinct, a result that invaribly follows the attempt to make too many copies at once. It is due to the profession for us to say at the outset that it is necessary to the expedition of the public business of the court that all of these requirements of the rules shall be strictly enforced. The abstracts filed do not at all comply therewith, and all of the defects therein pointed out above are grounds, under the rules, for dismissal of the cause; but as it is the first case to arise, thirty days from the filing of

this opinion will be allowed the appellants in which to file proper abstracts in compliance with the rules, otherwise the appellee's motion to dismiss will be granted.

The motion to dismiss Case No. 2 is upon the ground that the appellant Benjamin B. Poyntz was not a party to the cause in the court below, nor privy to the record in same, nor is he injured by the decree appealed from. The record does not sustain the contentions of fact' announced in this motion. The record shows that Benjamin B. Poyntz was directly interested in the subject-matter of the litigation, and that he made a proper effort to be made a party to the record. Ballard vs. Kennedy, 34 Fla. 483, 16 South. Rep. 327. The motion to dismiss Case No. 2, upon the ground urged for dismissal, is denied.

The motions for vacation of the supersedeas in each of said cases are upon the ground of the insufficiency of the bonds both as to the amount and as to the sureties thereon, and because the appellants have failed to pay the costs accrued in the cause up to the taking of the appeals. In Case No. 1 there appears no order of the Circuit Judge fixing the amount and conditions of the bond to be given in compliance with the order of supersedeas, as is required by secs. 1458 and 1272 Rev. Stat., the decree appealed from being other than a decree for money merely. The appellants, however, without such order, executed and filed a bond with the clerk below on October 26th, 1895, that is approved by said clerk, in the penal sum of $6,300, with six sureties, one of such sureties obligating himself only in the sum of $2,000, four others of them in the sum of $1,000 each, and the sixth surety in the sum of $300. The statute (sec. 1272 Rev. Stat.) on the subject of

supersedeas bonds requires that they shall have *two sureties*. This means that the obligee in the bond shall have at least *two sureties* against whom he can enforce the *full amount* secured by the bond. None of the sureties in this bond are bound for the full amount thereof, but each of them is obligated only for a fractional part thereof, and when the several individual obligations of all of them thereon is aggregated it amounts only to the full sum of the bond, giving the obligee in the bond, in effect, only one surety for the full sum. This is not a compliance with the law. If it be proper practice to permit the obligations of such bonds to be split up and distributed in this manner among numerous sureties, so that each shall be bound only for a fractional part of the amount thereof, even then there should be enough of them to give the obligee in the bond *two sureties* in the aggregate for the full sum of such bond. The bond in Case No. 1 is insufficient.

In Case No. 2 the bond is in the sum of $7,500, and is signed by two sureties, who obligate themselves for the full amount thereof, and by a third surety who justifies for only $1,500. One of the sureties, however, who stands for the full amount of the bond is shown to be a resident and citizen of another State, and to have no property in this State. While our statute does not in express terms require the sureties upon such bonds to be residents or citizens of this State, yet we think that when the statute speaks of sureties, it contemplates property holders in this State of sufficient property means located here within the jurisdiction of our courts as to make them aptly described here by the words of the statute, "good and sufficient obligors." It would be opening too wide a

door to fraud to permit bonds, required by our laws to be given for the security of litigants in the courts here, to be made up by the sureties residing in other States, whose very existence, to say nothing of their sufficiency in property, is unknown, and can not be readily ascertained here through any of the usual channels for such information. Snedicor vs. Barnett, 9 Ala. 434. The non-resident surety owning no property in this State on the bond in Case No. 2 is not a good and sufficient obligor within the meaning of our statute. This bond is, therefore, left with one good and sufficient surety, as the third surety thereon in justifying expressly declares that he is worth only $1,500 over and above his debts and exemptions, when the bond he obliges himself to pay is for $7,500. This leaves the bond in Case No. 2 with only one good and sufficient surety, which does not comply with the statute.

The appellants in each of said cases appeal in the capacity of defendants below against whom a decree has been rendered. In appeals by such parties, payment of costs is not a prerequisite to the appeal, as it is in cases where the plaintiff below who has failed takes the appeal.

The appellants in both cases will be allowed thirty days from the filing of this opinion in which to file a new supersedeas bond in such sum, and upon such conditions, as the Judge of the Circuit Court may prescribe; otherwise the motion of the appellee to vacate the supersedeas in each of said two cases will be granted. There need not be but one supersedeas bond, in which all of the appellants in the two appeals as above stated should be joined. There is no necessity for B. B. Poyntz to execute a separate supersedeas

bond if he is joined with the other appellants in the bond to be given by them.