402 So.2d 553 (1981)
Earine Bernard JACKSON, Petitioner,
v.
Honorable R.A. GREEN, Jr., Circuit Judge, and Honorable Elzie S. Sanders, Acting Circuit Judge, in and for Bradford County, Florida, Respondents.
No. AE-24.
District Court of Appeal of Florida, First District.
August 19, 1981.
V. Hulslander of O'Connell & Hulslander, Gainesville, for petitioner.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for respondents.
*554 PER CURIAM.
This original proceeding in prohibition results from a denial of petitioner's motion for discharge alleging a violation of the speedy trial rule. We find that the trial court correctly denied petitioner's motion for discharge and we deny the petition for writ of prohibition.
The issue is whether a prisoner in Florida who allegedly committed the crime of battery of a law enforcement officer before January 1, 1981 must be brought to trial within 180 days of arrest or within one year of arrest, when no demand for a speedy trial has been made. This issue arises because the Florida Supreme Court has amended the 180 day speedy trial time, without demand, to apply to every person charged with a felony including prisoners in Florida. See The Florida Bar. In Re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980). Compare current Rule 3.191(a)(1), Fla.R.Crim.P. with former Rule 3.191(b)(1), Fla.R.Crim.P.
On October 19, 1980, while an inmate at Florida State Prison, petitioner was taken into custody at the prison for battery of a law enforcement officer. On March 18, 1981 petitioner was charged by information with the aforementioned crime. Petitioner's motion for discharge, filed May 28, 1981, was denied by Judge Green in a written order dated June 8, 1981. Petitioner then filed a petition for writ of prohibition in this Court alleging that the 1980 amendments to the Florida Rules of Criminal Procedure apply to petitioner such that the State should have brought him to trial within 180 days of arrest.
Florida rules of court have prospective effect only, unless expressly provided otherwise. See Poyntz v. Reynolds, 37 Fla. 533, 19 So. 649 (1896). In the 1980 amendments to the Florida Rules of Criminal Procedure, the Court stated that except for the rules relating to the mental competency of the defendant, "[a]ll other rules shall take effect on January 1, 1981, at 12:01 A.M., and govern all proceedings within their scope." The Florida Bar. In Re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980). The 1980 amendments altering the speedy trial time are not expressly retroactive. The operative event in the instant case, which began the running of the speedy trial time, was the taking of petitioner into custody. This event occurred prior to the effective date of the 1980 amendments to the speedy trial time.
We find that the 1980 amendments to the Florida Rules of Criminal Procedure altering the speedy trial time, without demand, for a Florida prisoner do not apply to the instant cause. Accordingly, our order of June 11, 1981, directing respondent to show cause why the relief requested by petitioner should not be granted, is discharged and the Writ of Prohibition is DENIED.
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.