429 So.2d 819 (1983)
Charles Ray ARNOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1488.
District Court of Appeal of Florida, Second District.
April 13, 1983.
Jerry Hill, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Diane Barrs, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Charles Ray Arnold appeals the denial of his motion for discharge filed pursuant to the Florida speedy trial rule. Fla.R.Crim.P. 3.191. We reverse.
Arnold escaped from the Deep Lake Road Prison on March 15, 1973. He had been serving a twenty-year sentence for second-degree murder. The state filed an information charging him with this escape on March 23, 1973. Having made his way to Georgia, he was later arrested and charged with several burglaries in that state. He *820 later pled guilty to those crimes and served time in the Georgia state prison system from 1973 to October, 1980. According to his testimony at the hearing on the motion for discharge, Arnold was returned to Florida by Florida officials on October 8, 1980, because of detainers lodged against him. Florida incarcerated him in the state prison facility at Belle Glade where he resumed serving his sentence for the second-degree murder.
On March 8, 1982, Arnold filed a motion for discharge asserting that the state had failed to grant him a speedy trial on the escape charge. At the hearing on this motion, the circuit judge applied the speedy trial rule adopted by the Florida Supreme Court in 1980. See The Florida Bar, In Re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980). He concluded that Arnold was required to file a demand, and since no demand appeared in the court file, he denied Arnold's motion. Arnold then pled nolo contendere to the escape charge and reserved his appeal rights on this issue.
In The Florida Bar, our supreme court adopted certain amendments and additions to the Rules of Criminal Procedure. The effective date of all the rules, save those relating to mental competency, was January 1, 1981. The Florida Rules of Court have only prospective effect, absent an express statement to the contrary. Poyntz v. Reynolds, 37 Fla. 533, 19 So. 649 (1896).
In Jackson v. Green, 402 So.2d 553 (Fla. 1st DCA 1981), the petitioner, already a prisoner in Florida, was taken into custody on October 19, 1980, for battery on a law enforcement officer. On March 18, 1981, the state charged him with that crime. On May 28, 1981, the petitioner filed a motion for discharge contending that the 1980 amendments (effective January 1, 1981) to the Rules of Criminal Procedure should apply. Such an application would have required the state to try the petitioner within 180 days of his arrest. The court held that these amendments to the speedy trial rule did not apply because the supreme court did not make them expressly retroactive. Since the arrest occurred prior to the effective date of the amendments, the older rules applied, and the state had one year to bring the petitioner to trial.
The applicable rule here also is former rule 3.191(b)(1), Florida Rules of Criminal Procedure.[1] That rule provides that a prisoner in Florida, charged with a misdemeanor or a nonviolent felony, must be brought to trial within one year without demand. The charge of escape is a nonviolent felony. See § 944.40, Fla. Stat. (1979). The time begins running when one of two events occur: when the accused is taken into custody for the subject conduct, or when the state charges the accused with the subject crime, whichever is earlier. When the state charged Arnold with escape, however, he was no longer a prisoner in Florida for purposes of rule 3.191(b)(1) because of that escape. Therefore, the speedy trial time began running when Arnold was arrested and returned to Florida on the escape charge. Once back in prison, he continued to serve his second-degree murder sentence and so he was serving time pursuant to a criminal judgment of guilt. See Lewis v. State, 357 So.2d 725 (Fla. 1978). Therefore, the state had one year from October *821 8, 1980,[2] to try Arnold for the escape. Having failed to do so, it was error for the trial judge to deny Arnold's motion for discharge.
REVERSED.
BOARDMAN, A.C.J., and SCHEB, J., concur.
NOTES
[1] (b)(1). Prisoners in Florida; Trial Without Demand. Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detainer has been filed against such person, shall without demand be brought to trial within one year if the crime charged be a misdemeanor or felony not involving violence, within two years if the crime charged be a noncapital felony involving violence, or if the crime charged be punishable by death; and if not brought to trial within such term shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime. The period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment.
[2] The date Arnold was taken into custody on the escape charge.