466 So.2d 1113 (1985)
Jean NANCE, As Personal Representative of the Estate of E.S. Nance, Appellant,
v.
JOHNS-MANVILLE SALES CORP., a Successor by Merger with Johns-Manville Products Corporation; Unarco Industries, Inc.; Gaf Corporation; Standard Asbestos Manufacturing and Insulation Company; Owens Corning Fiberglass Corporation; Celotex Corporation, et al., Appellees.
No. 81-382.
District Court of Appeal of Florida, Third District.
February 12, 1985.
Motions for Rehearing, Clarification and Certification Denied April 16, 1985.
*1114 Greene & Cooper and Marc Cooper and Sharon Wolfe, Philip Freidin, Miami, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, Shackleford, Farrior, Stallings & Evans and Clark Jordan-Holmes, Tampa, Carey, Dwyer, Cole, Selwood & Bernard and Michael C. Spring, Miami, Carlton, Fields, Ward, Emmanuel, Smith & Cutler and John B. Liebman, Orlando, Harold C. Knecht, Jr., Coral Gables and David Crowley, Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Janet R. Riley, Lee, Schulte, Murphy & Coe, Spencer & Taylor, Underwood, Gillis, Karcher, Reinert & Valle, Miami, and Carlos Casuso, South Miami, Haddad & Josephs, Miami, and Robert L. Vessel, High, Stack, Lazenby, Bender, Palahach & Lacasa, Coral Gables, and R. Scott Boundy, Stephens, Lynn, Chernay & Klein, Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Susan J. Cole; Richard R. McCormack, Rumberger, Wechsler & Kirk and M. Stephen Smith, III, Miami, and Raymond T. Elligett, Jr. and Charles Schropp, Tampa; Lyle & Skipper, St. Petersburg, for appellees.
Before SCHWARTZ, C.J., and BARKDULL, HENDRY, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.

*1115 OPINION ON REHEARING EN BANC[1]
NESBITT, Judge.
This is an appeal from a final summary judgment which determined that Nance's wrongful death action against the defendants was barred by the statute of limitations.
The plaintiff's decedent was exposed to asbestos while working in a shipyard in Norfolk, Virginia between the years 1940 and 1945. Inhalation of the asbestos fibers ultimately resulted in Mr. Nance being diagnosed as having the multiple diseases of asbestosis and mesothelioma in May of 1976. In April of 1980, he commenced an action for personal injury. After his death in Florida in August of 1980, his personal representative was substituted as a party plaintiff, after which she filed this amended complaint for wrongful death.
To the amended complaint, the defendants filed motions to dismiss arguing that the statute of limitations barred plaintiff's cause of action. After the denial of these motions, the defendants filed their answers with affirmative defenses and motions for summary judgment, again arguing the limitations bar. Ultimately, the trial court granted the defendants' summary judgment motions finding that the personal injury action was barred by the applicable Virginia statute of limitations and that no Florida wrongful death claim existed.
Following the supreme court's decision in Variety Children's Hospital v. Perkins, 445 So.2d 1010 (Fla. 1983), concluding that the right to recover for wrongful death is derivative of the injured person's right while living to recover for personal injuries, our initial inquiry must be whether the decedent's personal injuries, our initial inquiry must be whether the decedent's personal injury action would have been barred during his life. See also Hudson v. Keene Corp., 445 So.2d 1151 (Fla. 1st DCA 1984).
Section 95.10, Florida Statutes (1979), which is commonly referred to as the borrowing statute, provides:
When the cause of action arose in another state or territory of the United States, or in a foreign country, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.
The statute's operation depends on Florida's definition of where a cause of action arises. Meehan v. Celotex Corp., 466 So.2d 1100 (Fla. 3d DCA 1985). It has been established in Florida that a cause of action in tort "arises in the jurisdiction where the last act necessary to establish liability occurs." Colhoun v. Greyhound Lines, Inc., 265 So.2d 18 (Fla. 1972). In cases such as the present one, this last act occurs when the plaintiff knew or should have known of his right to a cause of action. Meehan; see also City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954). If the plaintiff knew or should have known of his right to a cause of action in Florida, then the Florida limitations provision applies; if in Virginia, then section 95.10 operates and the Virginia statute governs.
Because the record does not conclusively demonstrate whether this last act occurred in Florida or in Virginia, the trial court erred in finding as a matter of law that the Virginia statute of limitations governed. Summary judgment was therefore improperly entered.[2]
Reversed and remanded for further proceedings.
SCHWARTZ, Chief Judge (specially concurring).
While I adhere to the views expressed in my dissenting en banc opinion in Meehan v. *1116 Celotex Corp., 466 So.2d 1100 (Fla. 3d DCA 1985), they did not prevail and I am therefore bound to concur with reversal in this case.
BARKDULL, BASKIN and FERGUSON, JJ., concur.
HUBBART, Judge (dissenting).
I must respectfully dissent. I see no legal basis for deciding this case en banc under Fla.R.App.P. 9.331, and would remand the cause for a decision on the merits to the three-judge panel of this court which was originally assigned to hear and decide this case.
Plainly, this cause cannot be considered a proper rehearing en banc under Fla.R. App.P. 9.331(c) because the three-judge panel of this court originally assigned to the case never rendered a decision thereon, and, consequently, there is no occasion for a rehearing. Nor can the cause be considered a proper hearing en banc under Fla.R.App.P. 9.331(a), (b) because there has been no showing of lack of uniformity between any of the decisions of this court, an essential prerequisite to conduct an en banc hearing. Indeed, the court in its opinion does not suggest a lack of uniformity between any of the decisions of this court sufficient to invoke our en banc jurisdiction. The conclusion is inescapable that this court has no jurisdiction to decide this case en banc under Fla.R.App.P. 9.331, and that the cause should be decided on the merits by the three-judge panel of this court originally assigned to the case.
For the above-stated reasons, I respectfully dissent.

ON MOTION FOR REHEARING, CLARIFICATION AND CERTIFICATION
PER CURIAM.
We certify the following question of great public importance to the Supreme Court of Florida:
May an action which could not be maintained by reason of limitations in the state in which the allegedly wrongful conduct occurred because that state does not recognize postponement of accrual until discovery, nonetheless be maintained in Florida because Florida postpones accrual until discovery?
In all other respects, the motions for rehearing, clarification and to certify are denied.
HUBBART, Judge (dissenting).
I reiterate the views expressed in my original dissent in this cause. This en banc proceeding is totally unauthorized under Fla.R.App.P. 9.331, and, therefore, the court sitting en banc has no jurisdiction to deny, as it does, the motion filed by the parties to rehear or clarify the court's prior en banc "rehearing" opinion, much less to certify, as it does, a question of "great public importance" for final resolution to the Florida Supreme Court under Article V, Section 3(b)(4), of the Florida Constitution.
The case, in my view, should be returned to the three-judge panel of this court which has already received briefs and heard oral argument in the cause  before a majority of the court resolved to decide this case in-house on an en banc "rehearing" basis  so that the three-judge panel may decide the case. I dissent from any further en banc orders in this cause other than one which returns the cause to the three-judge panel.
NOTES
[1] The court placed this case in an en banc posture on its own motion in order to arrive at a resolution consistent with that in the case of Meehan v. Celotex Corp., 466 So.2d 1100 (Fla. 3d DCA 1985), which reached en banc status on motion of a party.
[2] This ruling does not preclude the trial court from again finding a limitations bar under the applicable state's limitations provision. It merely requires an initial determination of when and where the plaintiff knew or should have known of his right to a cause of action. Once that is determined, the court must apply the appropriate limitations period and determine whether the action is barred.