PRANK D. UPCHURCH, Jr., Judge.
Larry Logsdon appeals from the sentence he received after entering a written plea of guilty to a single count of sexual battery. Logsdon first contends that the trial court erred in including his juvenile record to enhance his sentence because the juvenile convictions were obtained without benefit of counsel. See State ex rel. Alton v. Conkling, 421 So.2d 1108 (Fla. 5th DCA 1982). This issue was not preserved below since no objection directed to it appears in the record. Furthermore, no proof was presented to show that Logsdon was uncounselled. See Smith v. State, 461 So.2d 995 (Fla. 5th DCA 1984). Accordingly, we hold that this issue is without merit.
Logsdon next contends that his sentence was improperly calculated under the sentencing guidelines because the offense occurred prior to the July 1, 1984 Amendments to Florida Rule of Criminal Procedure 3.691.[1] We agree that trial court violated the ex post facto doctrine by sentencing Logsdon under the July 1 Amendments. See Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). See also State v. Williams, 397 So.2d 663 (Fla.1981); Arnold v. State, 429 So.2d 819 (Fla. 2d DCA 1983). Accordingly, we remand for resentencing. We note that Logsdon can receive the same sentence if clear and convincing reasons are given in writing for departure from the guidelines in effect at the time of arrest. See Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985).
REVERSED and REMANDED for re-sentencing.
COBBS, C.J., and Sharp, J., concur.

. The sexual battery occurred on April 2, 1984. Logsdon entered a guilty plea and was sentenced on October 17, 1984.