473 So.2d 823 (1985)
STATE of Florida, Appellant,
v.
Jerry Eldon GREEN, Appellee.
No. 85-482.
District Court of Appeal of Florida, Second District.
August 9, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellee.
SCHEB, Judge.
The state appeals a trial court order discharging defendant, Jerry Eldon Green, for the state's failure to bring him to trial within the time prescribed by Florida Rule of Criminal Procedure 3.191. We have jurisdiction under Florida Rule of Appellate Procedure 9.140(c)(1)(E).
On June 25, 1984, the defendant was arrested for sexual battery on a child over the age of eleven years in violation of section 794.011, Florida Statutes (1983). The state filed an information against him on August 6, 1984. Defendant's arraignment was scheduled for August 13, but his name was dropped inadvertently from the court docket on that date. The state filed a notice of arraignment and notice of trial on January 8, 1985.
On January 10 defense counsel filed a motion for discharge alleging that defendant had not been brought to trial within the 180-day time period set by rule 3.191(a)(1), in effect when defendant was arrested. The trial court granted defendant's motion on January 23. The state's timely appeal ensued.
The state argues that the trial court erred in applying the criminal procedure rules, which were in effect on June 25, 1984. It contends that the new rules, effective January 1, 1985, applied to this case because defendant was not discharged until January 23, 1985. Thus, under the new Florida Rule of Criminal Procedure 3.191(i)(4), the state asserts that it had ten days from the hearing on the motion for discharge to bring defendant to trial.[1] We disagree.
*824 Florida rules of court have prospective effect only, absent an express statement to the contrary. Poyntz v. Reynolds, 37 Fla. 533, 19 So. 649 (1896); Arnold v. State, 429 So.2d 819 (Fla. 2d DCA 1983); Jackson v. Green, 402 So.2d 553 (Fla. 1st DCA 1981). The 1985 amendments to the Florida Rules of Criminal Procedure were effective "after 12:01 A.M. January 1, 1985." The Florida Bar re: Amendment to Rules  Criminal Procedure, 462 So.2d 386 (Fla. 1984). The event which began the running of speedy trial time was the taking of defendant into custody on June 25, 1984. Arnold; Jackson. Since this event occurred before the effective date of the 1985 amendments, new rule 3.191(i)(4) does not apply. Consequently, the trial judge properly applied the former rule 3.191 in granting defendant's motion for discharge after the speedy trial time had run.
Affirmed.
RYDER, C.J., and FRANK, J., concur.
NOTES
[1] Rule 3.191(i)(4), effective January 1, 1985, provides:

No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.