PER CURIAM.
Pursuant to Sherrod v. Franza, 427 So.2d 161 (Fla.1983), we entertain LaPorte’s petition for a writ of prohibition, wherein he seeks to bar the trial court from proceeding with trial in violation of the speedy trial rule. At the outset we note that this case concerns Fla.R.Crim.P. 3.191 as it existed prior to the 1984 amendment. See, e.g., State v. Green, 473 So.2d 823 (Fla. 2d DCA 1985). We agree with petitioner that the trial court erred in denying his motion for discharge, and grant the petition.
*733 Petitioner was arrested October 24, 1984. No waiver of speedy trial occurred and there was no extension of the 180-day limit. The arrest was for a felony, but the State initially chose to file misdemeanor charges. When those were discharged on speedy trial grounds, the State then “direct-filed” new felony charges.[1] Nevertheless, there is no dispute that all of the charges stem from a single criminal episode, as that term is understood in the speedy trial context. See, e.g., Wright v. State, 387 So.2d 1060 (Fla. 5th DCA 1980). Therefore, we hold that the State was obliged to try petitioner within 180 days of the October arrest date.
In so holding, we reject the State’s reliance on Fla.R.Crim.P. 3.191(h)(1), which we find inapplicable where 180 days has elapsed since arrest.
The petition for writ of prohibition is granted and this cause remanded to the circuit court with instructions to discharge the petitioner.
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.

. At this point the State also filed other similar charges in addition to those involved in the instant case. Since these arise from separate episodes, and are not before us, our ruling does not affect them.