490 So.2d 92 (1986)
Charles McKNIGHT, Petitioner,
v.
The Honorable Philip BLOOM, As Judge of the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County, Respondent.
No. 85-1229.
District Court of Appeal of Florida, Third District.
February 18, 1986.
*93 Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for petitioner.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Janet Reno, State Atty., and Joel Rosenblatt, Asst. State Atty., for respondent.
Before HENDRY, HUBBART and FERGUSON, JJ.
PER CURIAM.
Based on the authority of State v. Green, 473 So.2d 823 (Fla. 2d DCA 1985), we grant the petition for a writ of prohibition filed by the petitioner, defendant below, Charles McKnight on the basis that the said petitioner has been denied his right to a speedy trial below and is entitled to discharge under Fla.R.Crim.P. 3.191(a)(1) which was in effect at the time of his arrest (August 24 and 29, 1984). We specifically hold, as did the Second District in Green, that Fla.R.Crim.P. 3.191(i)(4) (effective after 12:01 A.M. January 1, 1985)  giving the state a so-called 10-day grace period to bring a defendant to trial after a speedy trial violation has been found  has no application to cases where the arrest, as here, took place prior to the effective date of the amendment. The fact that the hearing on the motion for discharge took place after the effective date of the above amendment does not change this result.
Should the respondent seek further review of this cause, we certify, pursuant to Article V, Section 3(b)(4) of the Florida Constitution, that this decision passes on a question of great public importance, to wit: whether Fla.R.Crim.P. 3.191(i)(4) is applicable to a criminal case wherein the defendant is taken into custody prior to January 1, 1985, 12:01 A.M., the effective date of the above-stated rule.
We assume it will not be necessary to issue a rule absolute in prohibition and that the respondent, upon receipt of this opinion, will forthwith discharge the petitioner from the cause.
It is so ordered.