502 So.2d 1257 (1986)
Iqbal ZABRANI, Petitioner,
v.
The Honorable Edward D. COWART, Judge of the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County, Criminal Division, Respondent.
No. 86-910.
District Court of Appeal of Florida, Third District.
November 25, 1986.
Mark King Leban, Stanford Blake, Miami, for petitioner.
Janet Reno, State Atty., and Joel D. Rosenblatt, Asst. State Atty, for respondent.
Jim Smith, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for the State of Fla. as intervenor.
Before SCHWARTZ, C.J., and BARKDULL, HENDRY, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Zabrani was taken into custody on a first degree murder charge on July 11, 1984. After the state failed to proceed against him, the action was at first dismissed, but he was rearrested on April 6, 1985. On April 24, 1985, more than 180 days after the first arrest, he moved for discharge under the speedy trial rule, Fla.R.Crim.P. 3.191. The trial judge has twice denied the motion on the ground that the grace period provision of Fla.R.Crim.P. 3.191(i)(4), as amended effective January 1, 1985[1] was *1258 applicable so that Zabrani was not entitled to the relief sought. The defendant now seeks prohibition,[2] correctly asserting that McKnight v. Bloom, 490 So.2d 92 (Fla. 3d DCA 1986), which held on indistinguishable facts that the pre-1985 date of arrest controls the determination of the applicable version of the speedy trial rule, requires his discharge. Upon en banc consideration of the issue involved in McKnight, we reach the contrary conclusion that the 1985 date of the motion for discharge is determinative and therefore deny prohibition.
There is no dispute that the speedy trial rule is entirely procedural in nature, see State ex rel. Maines v. Baker, 254 So.2d 207 (Fla. 1971); Kanter v. State, 265 So.2d 742 (Fla. 3d DCA 1972), and that the version in effect at the time of the proceeding in question controls the result. State v. Jackson, 478 So.2d 1054 (Fla. 1985); Lowe v. Price, 437 So.2d 142 (Fla. 1983). Indeed, the very order effecting the amendments to the rule now in question provides that they "shall govern all proceedings within their scope after 12:01 A.M. January 1, 1985." The Florida Bar Re: Amendment to Rules  Criminal Procedure, 462 So.2d 386 (Fla. 1984). The problem before us, however, is the determination of the relevant "proceeding" or, otherwise stated, the "operative event" to which the rule is to be applied. See Hood v. State, 415 So.2d 133 (Fla. 5th DCA 1982); Arnold v. State, 429 So.2d 819 (Fla. 2d DCA 1983); Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA 1982), pet. for review denied, 419 So.2d 1200 (Fla. 1982); Jackson v. Green, 402 So.2d 553 (Fla. 1st DCA 1981).
State v. Green, 473 So.2d 823, 824 (Fla. 2d DCA 1985), which was followed in McKnight, held that the key factor was "[t]he event which began the running of speedy trial time[,] ... the taking of defendant into custody on June 25, 1984." In our view, this analysis is incorrect. While the event which triggers the speedy trial time should be decisive in computing the length of that period  which was the issue in Arnold and Jackson,[3] upon which Green relies  the ultimate question in this case is far different. It is the effect to be given a motion for discharge made after the period has already run: whether, as under the old rule, the defendant is to be released forthwith, or, as under the new one  which was specifically enacted expressly to obviate the perceived abuse of immediate discharge *1259 charge, see Fla.R.Crim.P. 3.191 committee note (1984), reprinted in 33 F.S.A. Rule 3.191, at 191 (West Supp. 1986)  the state is given an opportunity then to try him.[4] Merely to pose the question in this way is, we think, to answer it adverse to Zabrani's position: the "operative event" must be the motion itself. Since there was plainly no "right to discharge" until the defendant moved for it, the consequences of filing that motion must be determined by the rule on the date it was made. Lowe, 437 So.2d at 144.
In accordance with this conclusion, McKnight v. Bloom, 490 So.2d 92 (Fla. 3d DCA 1986),[5] is overruled and the petition for prohibition is denied.[6]
We certify that this decision is in conflict with State v. Green, 473 So.2d 823 (Fla. 2d DCA 1985), and that it involves the question of great public importance we certified in McKnight:
Whether Fla.R.Crim.P. 3.191(i)(4) is applicable to a criminal case wherein the defendant is taken into custody prior to January 1, 1985, 12:01 A.M., the effective date of the above-stated rule.
Petition denied, conflict and question certified.
BARKDULL, HENDRY, NESBITT, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ., concur.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would decline to conduct an en banc hearing in this cause under Florida Appellate Rule 9.331(a) [hereinafter Rule 9.331(a)] and would return the cause for a decision on the merits to the three-judge panel of this court originally assigned to decide this matter. I think it entirely inappropriate to invoke our extraordinary en banc jurisdiction in this case, particularly in the unconstitutional fashion in which it is accomplished herein.

I
By today's decision, the court assumes en banc jurisdiction under Rule 9.331(a) to overrule three prior panel decisions of this court which have certified to the Florida Supreme Court the exact question which the en banc court certifies today, two of which decisions are presently pending on further review before the Florida Supreme Court. State v. Mortimer, 490 So.2d 93 (Fla. 3d DCA 1986);[1]McKnight v. Bloom, 490 So.2d 92 (Fla. 3d DCA 1986) (pet. for review pending, No. 68,849); State v. Parvis, 487 So.2d 1181 (Fla. 3d DCA 1986) (pet. for review pending, No. 68,401). Although it is proper in extraordinary cases for this court to convene an en banc hearing to overrule a prior decision of this court, In re Rule 9.331, 416 So.2d 1127, 1128 (Fla. 1982), I think it totally inappropriate to do so in this case for three reasons.

A
First, I do not believe that we have the constitutional authority to overrule a prior decision of this court where, as here, the decision is pending on further review before the Florida Supreme Court. Although the state has sought further review in two of the above-stated cases [McKnight and Parvis], there is now nothing for the Supreme Court to review as the decisions before it are, by today's decision, null and void. Not even the litigants themselves are bound thereby because the decisions were never made final by the Supreme Court, through an affirmance or denial of review, prior to our overruling decision today. *1260 Moreover, the state is no longer an aggrieved party by these overruled decisions and therefore has no standing to pursue its pending petitions for review before the Florida Supreme Court.
The Supreme Court, then, is in the untenable position of reviewing two Third District Court decisions which have no force or effect and which the state has no standing to seek review thereon. Stated differently, we have mooted the Florida Supreme Court's entire proceedings by overruling the very cases which the Court has assumed jurisdiction to review. Plainly, this state of affairs is intolerable as this court, without doubt, has no constitutional authority to tamper with, much less destroy, the jurisdiction of the Florida Supreme Court to review cases presently pending before it. I, therefore, dissent from the court's assumption of en banc jurisdiction to accomplish what I consider to be an unconstitutional result. See State v. Meneses, 392 So.2d 905 (Fla. 1981).

B
Second, the appropriate time, in my view, for this court to have assumed en banc jurisdiction to decide this issue was in McKnight v. Bloom, 490 So.2d 92 (Fla. 3d DCA 1986), and not in this case. Upon a rehearing en banc in McKnight, this court could have assumed en banc jurisdiction on the ground that the case was one of "exceptional importance," Fla.R.App.P. 9.331(a), and issued the opinion which it announces today. Instead, the court, as it had a right to do, chose to allow the McKnight decision to stand and the question presented to be certified to the Florida Supreme Court for final resolution. Indeed, this court took the same position in two subsequent cases which followed McKnight and certified the same question to the Florida Supreme Court. State v. Parvis, 487 So.2d 1181 (Fla. 3d DCA 1986); State v. Mortimer, 490 So.2d 93 (Fla. 3d DCA 1986).
Having chosen this pattern of resolving the question presented, I think it most inappropriate for the court to break that pattern and walk away from decisions which we have already certified and which are currently pending in the Florida Supreme Court. If a majority of the court disagreed with the McKnight decision, it should have granted rehearing en banc on that case, rather than have allowed the decision to stand and to be certified, and thereafter to be followed and further certified in two subsequent cases. To break that pattern not only destabilizes the law of this district, it also creates the impression that our panel decisions are like one-way railway tickets, good for that ride and that ride only. Such a result, in my view, tends to defeat the entire purpose behind the en banc rule which "is designed to help the district courts avoid conflict, assure harmonious decisions within [our] geographic boundaries, and develop predictability of the law within [our] jurisdiction." Chase Federal Savings & Loan Association v. Schreiber, 479 So.2d 90, 93 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 2282, 90 L.Ed.2d 723 (1986).

C
Third, the entire en banc exercise which the court undertakes today is, to my mind, rather pointless. As previously stated, this court on three prior occasions has decided the issue which the en banc court decides today and on each occasion has certified the question to the Florida Supreme Court. It is a mystery to me why the three-judge panel in this case should not be required to do the same. Instead, we invoke our "extraordinary" en banc jurisdiction under Rule 9.331(a), thereby taking up the time of the entire court, to accomplish I know not what, and then, in the end, we certify the same question to the Florida Supreme Court in any event. If there is any purpose in this circular exercise, I do not understand it. Both before and after this en banc decision, the Florida Supreme Court will still be deciding the speedy trial issue presented herein  and all we have seemingly done is to reverse fields on this issue, confuse everyone in the process, and undermine the jurisdiction of the Supreme Court to resolve the very issue we want decided. Surely, we have enough other important cases before us to decide that we can ill *1261 afford to expend our valuable time and resources, as we do, in such a dubious endeavor.

II
Beyond this, I must protest the secretive manner in which the en banc proceedings have been carried out on an in-house basis in this case as it raises, in my view, grave due process concerns. This case has already been fully briefed and orally argued to a three-judge panel of this court. Subsequently, the panel has requested an en banc hearing in this case pursuant to Rule 9.331(a) because it did not wish to follow the McKnight line of cases; over my dissent, the en banc court has acceded to this request. Since then, however, no en banc hearing has ever been held. The parties were never notified that the case was now being considered on an en banc basis and have not been given the opportunity to submit briefs or orally argue to the en banc court. I am certain the parties will find the court's en banc decision today quite a surprise, as the last they heard this case had been submitted to a three-judge panel of this court.
Obviously, the issue before the full court is significantly different than it was when presented to the three-judge panel. The issue now presented is whether the McKnight line of cases should be overruled  an issue which was not before the panel, as the panel was required by Supreme Court decision to follow all past cases of this district. In re Rule 9.331, 416 So.2d 1127, 1128 (Fla. 1982). Surely the parties should have been given an opportunity to be heard on the issue of whether the McKnight line of cases should be overruled. Among other things, there is a serious question  as I think I have previously demonstrated  concerning our constitutional authority to do so.
I recognize, however, that this court is committed to the view that it may issue an en banc opinion after a case has been fully briefed and orally argued to a three-judge panel without giving the parties (a) notice that the case is now being considered on an en banc basis and (b) an opportunity to file briefs and otherwise be heard before the en banc court. See Nance v. Johns-Manville Sales Corp., 466 So.2d 1113 (Fla. 3d DCA 1985); Joseph v. State, 447 So.2d 243 (Fla. 3d DCA 1983). I dissented in both Joseph and Nance and adopt herein the views expressed in those dissents. I think the parties are denied due process when, as here, the court issues an en banc opinion without first conducting an en banc hearing in which the parties have had an opportunity to be heard.

III
For the above-stated reasons, I dissent from both the decision to hear this case en banc and from the secretive manner in which the en banc proceedings have been carried out herein. I would return this case to the three-judge panel of this court which has already heard this case so that they may render an appropriate decision thereon.
BASKIN, J., concurs.
NOTES
[1] The pre-1985 version of Rule 3.191(a)(1) provided for an "automatic" discharge upon motion made subsequent to the running of the speedy trial time:

(a)(1). Speedy Trial Without Demand. Except as otherwise provided by this Rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion, shall make the required inquiry under (d)(3).
The amendments now in question eliminated this remedy by amending Rule 3.191(a)(1) and adding Rule 3.191(i), as follows:
(a)(1). Speedy Trial Without Demand. Except as otherwise provided by this Rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged be a misdemeanor, or within 175 days if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in section (i) below.
* * * * * *
(i) Remedy for Failure to Try Defendant within the Specified Time.
(1) No remedy shall be granted to any defendant under this Rule until the court shall have made the required inquiry under section (d)(3).
* * * * * *
(3) In the case of a defendant charged with a felony, the defendant may, at any time after the expiration of the prescribed time period, file a motion for discharge.
(4) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
[2] An earlier petition for prohibition filed in this court was denied without opinion, Zabrani v. Coward, 476 So.2d 687 (Fla. 3d DCA 1985). Since we now overrule McKnight v. Bloom, 490 So.2d 92 (Fla. 3d DCA 1986), and are therefore in harmony with this prior result, we need not consider whether or to what extent the previous ruling implicates the law of the case doctrine. See Greene v. Massey, 384 So.2d 24 (Fla. 1980); Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965). See generally Obanion v. State, 496 So.2d 977 (Fla. 3d DCA 1986).
[3] Both Arnold and Jackson involved an amendment which altered the length of the speedy trial period between the defendant's arrest and his motion for discharge.
[4] In the trial court, after Zabrani's motion for discharge was denied, he specifically agreed to a waiver of the ten day trial period because, obviously, he was not then prepared to face trial. In sum, Zabrani did not desire a speedy trial; rather, he seeks a speedy discharge. See State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980).
[5] Those subsequent cases which follow McKnight, e.g., State v. Parvis, 487 So.2d 1181 (Fla. 3d DCA 1986); State v. Mortimer, 490 So.2d 93 (Fla. 3d DCA 1986), of course fall with it.
[6] The rule nisi previously issued is discharged.
[1] The state did not seek further review in this case based on our certification. Such a certification is not self-executing and requires an application for further review by the aggrieved party. Petrick v. New Hampshire Insurance Co., 400 So.2d 8 (Fla. 1981).