502 So.2d 422 (1987)
Phillip BLOOM, Judge, Etc., Petitioner,
v.
Charles McKNIGHT, Respondent.
No. 68401.
Supreme Court of Florida.
January 5, 1987.
Rehearing Denied March 9, 1987.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, Miami, for respondent.
PER CURIAM.
We have for review McKnight v. Bloom, 490 So.2d 92 (3rd DCA 1986), in which the Third District Court of Appeal granted McKnight's petition for writ of prohibition, finding that he had been denied his right to a speedy trial and was entitled to automatic discharge under Florida Rule of Criminal Procedure 3.191(a)(1). Florida's speedy trial rule, as amended effective January 1, 1985, no longer provides for automatic discharge. Rule 3.191(i)(4) now gives the state fifteen days in which to bring a defendant to trial after the filing of his motion for discharge. The court found this amended version of the rule inapplicable and certified the following question as one of great public importance:
Whether Fla.R.Crim.P. 3.191(i)(4) is applicable to a criminal case wherein the defendant *423 is taken into custody prior to January 1, 1985, 12:01 A.M., the effective date of the above-stated rule?
490 So.2d at 93. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The Third District Court of Appeal sitting en banc in Zabrani v. Cowart, 502 So.2d 1257 (Fla. 3rd DCA 1986), recently overruled its decision in the instant case. Relying on State ex rel. Maines v. Baker, 254 So.2d 207 (Fla. 1971), the court recognized that the speedy trial rule is procedural in nature, and that, in accordance with State v. Jackson, 478 So.2d 1054 (Fla. 1985), and Lowe v. Price, 437 So.2d 142 (Fla. 1983), the rule in effect at the time of the proceeding dictates the result. The court then turned to the "determination of the relevant `proceeding' or, otherwise stated, the `operative event' to which the rule is to be applied," Zabrani, 502 So.2d at 1258, noting that
[w]hile the event which triggers the speedy trial time should be decisive in computing the length of that period ...[,] the ultimate question in this case is far different. It is the effect to be given a motion for discharge made after the period has already run: whether, as under the old rule, the defendant is to be released forthwith, or, as under the new one  which was specifically enacted expressly to obviate the perceived abuse of immediate discharge, see Fla.R.Crim.P. 3.191 committee note (1984), reprinted in 33 F.S.A. Rule 3.191, at 191 (West Supp. 1986)  the state is given an opportunity then to try him.
Id. at 1258-1259 (footnote omitted). Reasoning that a defendant who has been denied a speedy trial is not entitled to a discharge until he files a timely motion therefor, the court concluded that the motion itself is the "operative event" which determines which version of the speedy trial rule applies. We agree with this reasoning and adopt it as our own. Accordingly, we answer the certified question in the affirmative to the extent expressed herein and quash the decision below.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.