503 So.2d 333 (1986)
Joseph Brooks WINFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2124.
District Court of Appeal of Florida, Second District.
December 3, 1986.
On Motion for Rehearing January 28, 1987.
Second Rehearing Denied February 25, 1987.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant raises three issues in this appeal from a conviction for aggravated assault and discharging a firearm in public. Only one point requires discussion. Appellant argues that the trial court erred in failing to grant his motion for discharge based on speedy trial grounds. We agree.
From the record before us, it appears that appellant was arrested October 24, 1984. Thus, the speedy trial rule as it existed prior to the 1985 amendment applies. State v. Green, 473 So.2d 823 (Fla. 2d DCA 1985). In defense of its failure to try appellant within 180 days of his arrest, the state argued that he had not been continuously available for trial, as defined by Florida Rule of Criminal Procedure 3.191(e).
*334 The basis for this contention was that appellant failed to appear for an arraignment scheduled for January 25, 1986. However, prior to the filing of the information, the court, at an adversary preliminary hearing, found no probable cause and released appellant from custody. Fla.R. Crim.P. 3.133(b). When the information was thereafter filed, notice was sent to appellant's last known address. Appellant was no longer at that address and failed to appear at arraignment.
We believe this case is controlled by Clinton v. State, 451 So.2d 893 (Fla. 3d DCA 1984), and State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978). At the time the county court released appellant there was no information pending. Therefore, appellant had no obligation to notify the court of his change of address or otherwise keep in touch with the court. Fla.R.Crim.P. 3.133(b)(5). Hence, he was not "unavailable," in spite of his failure to appear. Accordingly, we remand this case to the trial court with directions to discharge appellant.
Reversed.
SCHOONOVER and LEHAN, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Our decision to reverse appellant's conviction was predicated upon the premise that the speedy trial rule as it existed prior to the 1985 amendment was applicable to the case. However, unbeknownst to this court, only eight days before our opinion was issued, the Third District Court of Appeal, sitting en banc, receded from its previous decision in McKnight v. Bloom, 490 So.2d 92 (Fla. 3d DCA 1986), and held that the speedy trial rule as amended in 1985 should apply where the motion for discharge was filed after the effective date of the amendment even though the arrest occurred prior to the date of the amendment. Zabrani v. Cowart, 502 So.2d 1257 (Fla.3d 1986). On January 5, 1987, the supreme court, on review of the question certified in McKnight v. Bloom, reversed that case and adopted the reasoning of Zabrani v. Cowart. Bloom v. McKnight, 502 So.2d 422 (Fla. 1987).
While appellant was arrested in 1984, his motion for discharge was not filed until July 30, 1985. Therefore, the 1985 amendment was applicable. The court denied the motion for discharge on August 2, 1985, and appellant's jury trial was held on August 8, 1985. Under the speedy trial rule as amended, appellant was not entitled to be discharged because his trial took place within ten days after the court ruled on his motion. Fla.R.Crim.P. 3.191(i).
We grant the motion for rehearing and affirm appellant's conviction and sentence.
GRIMES, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.