CAMPBELL, Acting Chief Judge.
Appellant appeals the denial of his motion for discharge for failure of the state to bring him to trial within 180 days of the date of his arrest as a result of the conduct that gave rise to the offenses for which he was charged in violation of Florida Rule of Criminal Procedure 3.191(a)(4). Appellant thereafter pled nolo contendere to the charge of vehicular homicide reserving only his right to appeal the denial of his motion for discharge. We affirm.
On November 11, 1984, appellant was driving a motor vehicle that was involved in an accident with another vehicle. Appel *456 lant was driving under the influence of alcohol and in excess of the speed limit. The other driver died at the scene of the accident. Appellant was arrested at the scene of the accident and charged with driving while intoxicated in violation of section 316.1931, Florida Statutes (1983).
On November 16, 1984, the state filed a nolle prosequi of the DUI charge. Based on the same occurrence, appellant was again arrested on March 12, 1985, and charged with DUI-manslaughter in violation of section 316.1931(2), Florida Statutes (1983). Appellant filed a motion for discharge on May 15, 1985, wherein he alleged that the state failed to bring him to trial within 180 days of his arrest on November 11, 1984. Appellant, after filing his motion for discharge and prior to the hearing thereon, prospectively waived speedy trial. After the motion was denied, the state amended its information to charge appellant with vehicular homicide in violation of section 782.071, Florida Statutes (1983). Appellant then entered his plea of nolo contendere to the amended information reserving his right to appeal the denial of his earlier motion for discharge. The only issue reserved for appeal was the failure of the trial court to grant his motion for discharge.
The conduct for which appellant was arrested and his original arrest for that conduct occurred on November 11, 1984. However, Rule 3.191 of the Florida Rules of Criminal Procedure, as amended, effective January 1, 1985, applies to appellant. Our supreme court in Bloom v. McNight, 502 So.2d 422 (Fla.1987) has held that the speedy trial rule is procedural and, therefore, the version of the rule in effect at the time a motion for discharge is filed is the applicable rule. Appellant’s motion for discharge was filed May 15, 1985. The trial court was correct in denying the motion. Appellant thereafter pled nolo contendere reserving only the right to appeal the denial of his motion for discharge. The denial being proper, we therefore affirm appellant’s judgment and sentence.
LEHAN and FRANK, JJ., concur.