## CANOUSE v STATE OF FLORIDA
## Case No. 90-38AC10 (County Court Case No. 89-01665)
Seventeenth Judicial Circuit, Broward County

October 8, 1990

### APPEARANCES OF COUNSEL

**George T. Pallas, Esquire,** for appellant.

**John M. Koenig, Jr.,** Assistant Attorney General, for appellee.
Editor's Note: The following decision handed down by the circuit court, sitting in its appellate capacity, reverses a previously published county court order published in Florida Supplement Second. See *34 Fla.Supp. 2d 164 (Broward County Ct. 1989).*

### OPINION OF THE COURT

MEL GROSSMAN, Circuit Judge.

THIS CAUSE comes before the Court upon the appeal of a conviction entered against Appellant, Joseph Canouse, for Driving under the Influence, in violation of section 316.193(1)(b) *Florida Statutes* (1984).

On December 19, 1988, Appellant filed a Demand for Speedy Trial pursuant to Rule 3.191 of the Florida Rules of Criminal Procedure.

Subsequently, on February 8, 1989, Appellant filed a Motion for Discharge alleging that under Rule 3.191(2)(2), (4), and (i)(2) Fla. R. Cr. P., the State had failed to bring him to trial within the prescribed fifty (50) days of the Demand.[1]

The trial Court denied Appellant's Motion to Discharge holding that the fifty day provision in the rule does not apply to misdemeanors. The Court found Appellant guilty of the charge and subsequently denied Appellant's Motion for New Trial and Motion for Arrest of Judgment. The Court's Order classified the Speedy trial issue in criminal misdemeanor cases as being of great public importance and certified the question to the FOURTH DISTRICT COURT OF APPEAL. The DISTRICT COURT declined jurisdiction and subsequently transferred the case to this Court for its disposition.

The Speedy Trial Demand Rule as amended in 1984 provides that except as provided in this Rule, every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court having jurisdiction a Demand for Speedy Trial. However, section (a)(2)(4) of the Rule provides that:

> In the event that the defendant shall not be brought to trial within 50 days of the filing of the Demand, the defendant shall have the right to the appropriate remedy as set forth in section (i) below. (emphasis added)

Although, section (a)(2)(4) does not specifically state whether a misdemeanor defendant has the right to be discharged from the crime after fifty (50) days, the provision can only be read in conjunction with subsection (i)(2) of the Rule which provides that:

> In the case of a defendant charged with a misdemeanor, the defendant shall, upon motion timely made with the court at the expiration of the prescribed time period, be forever discharged from the crime.

The plain language found in the above described sections and the legislative committee notes accompanying the 1984 Amendment to the Speedy Trial Rule support the conclusion that a misdemeanor defendant must be brought to trial within fifty (50) days from the Demand for a Speedy Trial. The sixty (60) days allocated under section (2)(a) of the Rule is simply a general statement of the defendant's right to be

---

[1] The recent amendment effective July 1, 1989, abolished automatic discharges for misdemeanor cases by also applying the 15 day felony provision found in section 3.191(i)(4). However, since appellant filed the Demand for Speedy Trial on December 19, 1988, the new version does not apply because the motion itself is the "operative event" which determines which Rule applies. *Bloom v McKnight,* 502 So.2d 422 (Fla. 1987).

tried within that period of time. The 1984 amendment to the Speedy Trial Rule provides the State with an additional fifteen (15) days after a Motion to Discharge, to try defendants accused of more serious offenses but in no way limits the right of a misdemeanant to be discharged after the lapse of the time prescribed in section (a)(2)(4). *Stiles v State,* 36 Fla. Supp.2d 39 (17th Cir. 1989); *State v Gerber,* 34 Fla. Supp.2d 29 (19th Cir. 1989), *cert. denied* — So.2d — (Fla. 4th DCA 1989); *State v Kilts,* 24 Fla. Supp.2d 119 (17th Cir. 1987); *State v Andino,* 24 Fla. Supp.2d 143 (11th Cir. 1987), *cert. denied* 513 So.2d 1073 (Fla. 3d DCA 1987).

This Court finds that the trial court erred in denying Appellant's Motion for Discharge from the misdemeanor on the fifty-first (51) day after his Demand for Speedy Trial.

Accordingly, it is hereby,

ORDERED AND ADJUDGED that the decision of the Trial Court is REVERSED and REMANDED for further proceedings consistent with this opinion.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 8th day of October, 1990.